GEORGE M. ISENHOUR, Adm'r., &c. v. DANIEL and HENRY M. ISENHOUR.

The exception to the rule allowing parties to testify, i. e. as to *transactions* between such party and a person deceased: does not extend to cases where a defendant is offered as a witness to testify that a bond which was given to a person deceased, and which is the subject matter of the suit, was *in blank* as to the *amount* payable when executed by him; having been filled up afterwards in his absence, and without due authority.

CIVIL ACTION upon a bond payable to the intestate, tried before *Logan, J.*, at Spring Term 1870, of CABARRUS Court.

The defendant Henry having answered that the instrument sued upon was not his act and deed, offered upon the trial his co-defendant Daniel as a witness, to prove that when he, Henry, executed it, it was in blank as to the

amount payable, and that it was filled up afterwards, in his absence, and without authority under seal.

His Honor excluded the testimony, and the defendant excepted.

Verdict for the plaintiff. Judgment accordingly. Appeal by the defendants.

*Boyden & Bailey,* for the appellants.
*Dowd, contra.*

RODMAN, J. The only question in the case is, was the defendant Daniel Isenhour, a competent witness on behalf of himself and his co-defendant, to prove that the bond declared on was blank in respect to the amount payable, when it was signed and sealed by the defendants, and that the words and figures showing the amount were inserted by the witness after the signature and sealing by his co-defendant, and without authority from him. We think the evidence was competent. Section 342, C. C. P., removes the disqualification of interest; and section 343 allows a party to be examined in his own behalf. The *proviso* limits the generality of the allowance, by forbidding a party, &c., from testifying as to a transaction or communication between him and a person deceased, &c. Here, the matter which the witness has offered to prove, was not *a transaction, or communication* with the deceased intestate of the plaintiff; it was as to a matter which took place in his absence. The exclusion of the evidence is not required by the words of the act.

We think also, that it is not by its spirit or purpose. It is said that the intestate of the plaintiff, if alive, might testify that when the bond declared on was delivered to him, it was acknowledged by Henry, as well as by Daniel Isenhour, as his deed. It is possible he might have done so. But if the act

were construed to have the extensive effect contended for, it would exclude the testimony of an opposite party in every case where the representative of a deceased person was a party, as to any. fact whatever; because, possibly, the deceased, if alive, might contradict the witness, or prove some fact inconsistent with his evidence. Such was not its intention. That may be a desirable rule, but it is not the one adopted by the Legislature.

There was error by the Judge below, and there must be a *venire de novo.*