The action was brought against the defendant Osborne, as administrator of W. W. Foote, guardian of the relator, and the other defendants as sureties on the bond. There was reference to the clerk to state the account of the guardian. The clerk made a report to Fall Term, 1871, of the Superior Court, at which time exceptions were filed by the defendants. Upon the hearing of the exceptions before Mitchell, J., he overruled exceptions 1 and 3, and the second exception was admitted by the plaintiff. The facts found by his Honor on the 1st exception were as follows: "One Simmons was the administrator of Miles Dobbins, father of the relator. Miles Dobbins died in April, 1863, and Simmons qualified as his administrator in May, 1863. In May, 1862, W. W. Foote gave his note to the intestate for $300 in Confederate money. This note came into the hands of the administrator of Miles Dobbins, who transferred it to Foote, the guardian of the relator, and took his receipt and in these words, viz: "Receiver of W. D. Simmons, *Page 189 
adm'r, etc., three hundred and thirty-two dollars in cash notes, 24 February, 1864.
W. W. FOOTE, Guardian of A. A. DOBBINS."
The Clerk, upon these facts, charged the guardian with the value of the note at the time it was given, in 1862. Defendant excepted to this part of the report. Exception overruled. The facts under the (260) 3d exception are these, as found by his Honor: Plaintiff was examined as a witness, and swore that his guardian took from him 62 gallons of brandy, and sold the same, in 1864, for $1,250 in Confederate money. Defendant's counsel objected to this evidence, as incompetent. The objection was overruled. They excepted to this part of the Clerk's report, which was likewise overruled.
The exception was made upon the ground, as stated in the case, that the money derived from the sale of the brandy was not trust funds, and if it was that it was received at a time (1864) when it could not be lent, and that there was no evidence that the guardian had used it. His Honor overruled this exception.
There was a judgment for the plaintiff, and the defendant appealed to the Supreme Court.
The first exception on the part of the defendants was properly overruled. The value of the bond of Foote, at the time he received it as guardian, in 1864, was its value at the time it was given in 1862, according to the Legislative scale applied to Confederate money; and with that value and interest, he was properly chargeable as guardian.
The third exception was also properly overruled. The plaintiff, it is true, was not competent to prove any transaction between himself and hisdeceased guardian: but he was competent to prove any other transaction of his guardian. The transaction, in this case, was a sale of the property of the plaintiff by his guardian to a third person. Halliburton v. Dobson,65 N.C. 88, and the cases there cited. And Isenhour v. Isenhour,64 N.C. 640.
PER CURIAM. Affirmed.
Cited: March v. Verble, 79 N.C. 23; Wetherington v. Williams,134 N.C. 280; Johnson v. Cameron, 136 N.C. 244. *Page 190 
(261)