STATE *ex rel.* D. BRYANT & BRO. *v.* LEMUEL H. MORRIS.

In action against a surety on a constable's bond, alleging certain breaches of the condition of the bond by the constable, now dead, the plaintiff is not a competent witness to prove any transaction or conversation between himself and such deceased constable, in regard to the matters in controversy.

(*Halliburton* v. *Dobson*, 65 N. C. Rep. 88; *Isenhour* v. *Isenhour*, 64 N. C. Rep. 640, cited and approved.)

CIVIL ACTION, on a constable's bond, tried at the July (special) Term, 1872, of HALIFAX Superior Court, before *Moore, J.*

The action is brought upon the bond of one Junius H. Morris, constable, against the defendant, one of the sureties thereto, (the said constable being dead). In his complaint, the relators alleged two breaches of the condition of the said bond, to-wit: 1. That the said constable had collected certain claims put into his hands for collection as constable, and had not paid over the money to the relators, to whom

it was due. 2. That said constable had negligently failed to collect certain other claims placed in his hands for collection, when the debtors were solvent and able to pay; and that the debtors afterwards became insolvent and unable to pay the debts, whereby the claims were totally lost to the relators.

On the trial, the execution of the bond, dated 17th February, 1867, by defendant as surety, and by the constable, was admitted, and also that the said constable signed the receipt, in which were set out the claims to be collected.

It was proved that Junius H. Morris, the constable, was dead. His personal representative was not a party to this suit.

The relators offered to prove by one of themselves, to-wit: D. Bryant, that he placed in the hands of the said constable for collection certain accounts amounting to $ —, for which he took the constable's receipt. This evidence was objected to on the part of the defendant, on the ground that the constable being dead, the relator was not a competent witness to prove these facts; and for the further reason that the evidence, if admitted, tended to vary the contract between the parties, which was contained in the receipt, and was therefore inadmissible, as the receipt was not signed by him *as constable*. The objection was overruled, and the evidence admitted. Defendant excepted.

Bryant, the relator, then proved that he placed in the hands of the constable the following accounts, against the parties therein named, (unnecessary to be detailed) and that the receipt before alluded to was given for them. Defendant objected to the evidence, which being allowed, he excepted.

The relator, Bryant, also testified, after objection by defendant, that he had several conversations with Morris, the constable, who told him that he had collected a large number of the claims, naming several of them. Defendant again excepted to the introduction of this testimony. In

the course of the examination of this relator, the Court after objection, permitted plaintiff's counsel to ask leading questions as to each of the accounts, as for example: Sandy Merrit's account. " Do you know if, whether the constable collected any portion of said claim, if so, how much?" And so on.

Bryant, the relator, also proved, that he ordered the said constable to attach the cotton of one of the debtors, one Stallings, which was then at Enfield, but he, the constable, did not do it. This evidence also objected to; received, and exception by defendant.

One Partin was then called for relators, who had been their clerk, who proved that the statement of the accounts as contained in a book then exhibited, was in his handwriting, and that the accounts were all due to the relators, and were placed in the hands of Morris, the said constable, for collection. One of the debtors mentioned in plaintiff's receipt, also proved that he had paid his account to the constable.

It further appeared that several of the said debtors were, in 1867, solvent, and continued so for 12 months, and that Morris was acting as constable in the year 1867.

The defendant's counsel insisted before the jury that the evidence of one of the relators, as to facts occurring in 1867, was not sufficient to warrant a verdict in favor of relators; that there was other evidence, proven to be accessible to relators, to prove their case, and the non-introduction of this testimony, was a matter for the jury to consider, and they must be satisfied by relators before they, the jury, could find a verdict in their favor.

His Honor charged the jury that the relators were not bound to introduce any other evidence than their oaths; and if the jury were satisfied with the evidence as given in, they would find a verdict in their favor. That in cases of the utmost importance, the jury were justified in finding a

verdict on the testimony of one witness, and such witness interested, and it was for them to say how they would find on the evidence introduced before them. Defendant excepted to this charge. No special instructions were asked by either party.

The following are the issues submitted to the jury, with their response to each.

1. Did the said constable fail through negligence to collect any of said claims, if so, to what amount?

The jury find this issue in favor of defendant.

2. Did the plaintiffs, before the commencement of this action, make a demand upon said constable, if so, at what time?

The jury find this issue in favor of the plaintiffs.

3. Did the parties mentioned in the complaint, as debtors to Bryant & Bro., owe the amounts charged against them?

The jury find this issue in favor of plaintiffs.

4. Were the claims placed in the hands of Morris, to collect as constable?

This issue also found for plaintiffs.

5. Did the said constable collect any portion of said debts, and has he failed to pay over the amount collected?

The jury find this issue in favor of plaintiffs, as to claims amounting to $607.21, with interest on $454.28 from this time.

Judgment in accordance with the verdict, and for costs. Defendant appealed.

*Conigland,* and *Batchelor, Edwards & Batchelor,* for appellant.

*Devereux,* contra:

The testimony of the relator, Bryant, was properly admitted. For the bondsmen of Morris stand in none of the relations to the deceased that are enumerated in the *proviso*

to sec. 343, C. C. P.    *Whiteside* v. *Green*, Administrator, 64 N. C. Rep. 310, 311.

READE, J.    If the plaintiff had sued the administrator of the dead constable, he could not have testified as to any transaction between him and the deceased so as to affect his estate.    C. C. P. S. 343.

But the defendant is not sued as administrator, but as surety of the dead constable, and the question is whether the plaintiff can testify as to transactions between himself and the deceased, which affect the defendant as his surety. It is said that he ought not to be allowed to do this, because whatever he recovers of the defendant as surety, the defendant can recover of the estate of the deceased constable.

This would seem to be so; and therefore to allow the evidence against the surety is to allow it indirectly against the principal, which is the evil meant to be guarded against by the exception in the statute.    So that while the objection to the evidence is not within the *letter*, it is within the *spirit* of the statute.

*Halliburton* v. *Dobson*, 65 N. C. Rep. 88; *Isenhour* v *Isenhour*, 64 N. C. Rep. 640.

There is error.

PER CURIAM.                                    *Venire de novo.*