DAMADES REDMAN and others *v.* THOMAS REDMAN, ABSALOM REDMAN and others, Adm'rs with the will annexed of HOSEA REDMAN.

When a party to a suit, who is *in interest* really a plaintiff, but appears as a party defendant, gives evidence as to a transaction with a deceased testator, it renders competent the evidence of a co-defendant, touching the same transaction as provided for by sec. 343. C. C. P.

If the declaration of a testator made in his lifetime, not in the presence of the defendant, could not be given in evidence, because of his not being permitted to make evidence for himself, his administrator will not be allowed to prove such declarations after his death.

CIVIL ACTION, (issues submitted to a jury under the direction of the Supreme Court,) tried before his Honor, *Judge Mitchell,* at the Fall Term, 1873, of the Superior Court of CATAWBA, having been removed thereto from Iredell Superior Court.

At the Spring Term, 1866, of the Court of Equity of Iredell County, the plaintiffs, as next of kin of Hosea Redman, filed their bill against the defendants, who are administrators with the will annexed of said Hosea, and also of his next of kin. The object of the bill was to have an account and settlement with the administrators, with the will annexed. The plaintiffs

17

charged that there was some $600 in gold and silver belonging to the estate, which was admitted by two of the defendants, but denied by the defendant, Thomas Redman, who had possession and claimed it as his individual property. The Court ordered an issue to be submitted to the jury, to find whether the gold and silver thus claimed, was the property of the testator at the time of his death, or was the property of the said Thomas.

On the trial of the issue, the plaintiff introduced one of the defendants, Absalom Redman, as a witness, and proved by him conversations he had with the testator, Hosea, in his lifetime, about this gold and silver now in controversy, and which at the time the said Hosea had in posession and claimed as his own.

The defendant's counsel then introduced, Thomas, also a defendant, but claiming the property, and proposed to prove, that at a different time from that spoken of by Absalom, the said Hosea had gone with him, Thomas, to a lumber-house belonging to Hosea, that they took this gold and silver with them; and he, Thomas, in the presence of the said Hosea, hid the same in the lumber-house. That at the same time the said Hosea gave to him a paper writing, in which he acknowleged that the said gold and silver belonged to him, Thomas, which paper was now lost. The plaintiffs objected to the introduction of this testimony, but it was admitted by the Court.

Plaintiffs then offered to prove conversations of the said Hosea, about the gold, &c., not however connected with its possession by him, and also other convesations of his, the said Hosea, in the absence of the said Thomas. This evidence was objected by defendants, and rejected by the Court.

Before the evidence given by the said Thomas, as before stated, Absalom had testified, that he in company with the said Hosea, and in the absence of Thomas, had gone to the lumber-house and seen the gold and silver in dispute; that it was in possession of the said Hosea, who claimed it as his; and that a short time thareafter, he saw the said Hosea again have it in

REDMAN *et al. v.* REDMAN and REDMAN *et al.* Adm'rs.

possession, at the same time claiming it as his property. Absalom further stated, that after this suit was originally brought in the Court of Equity, Thomas Redman had presented a paper which he claimed to be a certificate of deposit of the said gold and silver, signed by the said Hosea; that the same was read in the presence of the administrators by one John M. Redman, and that they had then declared that the body of the receipt was a forgery.

The Court submitted to the jury the issue as to the ownership of this gold and silver, who found it to be the individual property of Thos. Redman.

Rule for a new trial granted and discharged. Judgment in accordance with the verdict; from which plaintiffs appealed, assigning as grounds:

1. Because the Court permitted the defedant, Thomas Redman, to prove declarations and transactions, between himself and Hosea Redman, deceased, which had not been spoken of by any of the administrators or plaintiffs.

2. Because the Court rejected the declarations of the said Hosea Redman, deceased, as to the ownership of the gold and silver, because they were neither made in the presence of the defendant, nor immediately connected with the possession of said gold and silver.

3. Because after the defendants had proven declarations of the said Hosea, that he had been robbed of all his gold and silver, the Court rejected other declarations of the said Hosea, offered by the plaintiffs, in which he said, *he had not been robbed* of all his gold and silver.

*Caldwell* and *Armfield*, for appellants.
*Schenck, McCorkle & Bailey*, contra, submitted:

Exception 1st. Thomas Redman claims this money adversely to Hosea Redman, not *under* him. The suit is brought by Hosea Redman's Executors, to make Thomas Redman account individually.

The declarations of an adverse party, not in the presence of the other, are not competent, *no matter* who proves them. So Hosea's declarations were not competent against Thomas.

But the Judge admitted the declarations because Hosea was in posession at the time. This is an exception to the rule and plaintiff got full benefit of it.

Exception No. 2. Thomas had the right to prove any declarations of Hosea in regard to the money, *by other witnesses than himself*, because Hosea was an adverse party. And he the right to prove them by himself if the executors *first* testified *for their testator.* in regard to such communication or transaction.

Now Erastus had first spoken of the declarations of Hosea in regard to this same money in the lumber-house and the transaction of putting it away, and Thomas only testified as to the same matter, *i. e.*, putting it away.

2. The " *transaction* " of the receipt was between Thomas and Hosea, deceased, and Thomas could not be " examined in regard to it " unless the " Executor was first examined on his own behalf in regard to such transaction." See C. C. P., p. 130, sec. 343. In our case, Erastus, the Executor, had testified as to seeing and examining the receipt, how it was written, the paper it was on, &c., and Thomas only replied by showing the circumstances under which it was given to sustain its genuineness.

The rule is not strenous in its application. *Isenhour* v. *Isenhour*, 64 N. C. 640.

The principle of the rule seems to be where the Executor substitutes himself for the testator in regard to the transaction or communication, then this put the competency " at large " or open to both. Here Absalom swears the body or receipt is a forgery. Thomas replies you or your testator signed it after it was written and it is genuine.

*Gray, Ex'r.* v. *Cooper*, 65 N. C. p. 183. When the plaintiff asked defendant if there was not a special contract with intestate, this let in all the explanations in regard to it.

REDMAN *et al. v.* REDMAN and REDMAN *et al.* Adm'rs.

READE, J.   The jury found, that the $600 of gold and silver in controversy, was the property of the defendant Thomas, and that is conclusive, unless the plaintiff's exceptions to the admissibility of evidence, can be sustained.

When Thomas Redman, the defendant offered to testify as to a transaction between himself and his deceased father, about the gold and silver, he was clearly incompetent, under the general provisions of C. C. P. sec. 343.   But he says, that he took himself out of the general provision, by the fact, that the plaintiff had examined Absalom Redman, as to the declarations of the deceased, in regard to the same transaction.   That fact would have made it competent for the defendant Thomas to speak of it, if Absalom Redman had been the plaintttff; but he was one of the defendants, and it is only where the *plaintiff* speaks of a transaction with the deceased, that the defendant may do so too.   But under the circumstances of this case, we have to treat Absalom, the defendant and witness, as if he were the plaintiff, for, he was the plaintiff *in interest,* although he is nominally the defendant.   All the children and next of kin of the deceased, of whom Absalom was one, claim that the gold and silver in controversy was the property of their father, the deceased; and are trying to make the defendant Thomas, the administrator and also a son of the deceased, account for it to the estate, while he, Thomas, claims it as his own.   So that all the other children and next of kin are plaintiffs *in interest,* and are to be considered as plaintiffs in fact.   So that, when Absalom testified as a witness of the transaction with the deceased, it is to be considered that he testified as a party plaintiff; and then, that made it competent for the defendant Thomas to testify also, as to that transaction.   In considering the other two exceptions by the plaintiff to the evidence, we may consider the case as if Hosea Redman, the deceased, were alive and claiming the money of the defendant Thomas.

And then, very clearly, Hosea could not give in evidence his own declarations, made out of the presence of the defendant

Thomas, that the money was his. That would be to make evidence for himself. That disposes of the second exception.

It was competent for the defendant Thomas, to prove that Hosea said, he had been robbed of all his gold and silver, for the purpose of establishing the fact, that Hosea had no gold and silver. But it would have been incompetent for Hosea to prove, that, at some other time, he had said that he had not been robbed of his gold and silver. That would be to make evidence for himself. That disposes of the third exception.

There is no other exception in the record; and we consider no other.

There is no error. This will be certified.

PER CURIAM.                                    Judgment affirmed.