WEINSTEIN & BRO. v. JOHN PATRICK, Adm'r. of S. T. STILLY, MARSHALL STILLY and A. McF. CAMERON and wife, LOUISA.

Although a defendant, called by the plaintiff, may be competent to testify as to transactions and conversations had with a person at the time he deceased, against his own interest, he cannot be thereof examined against the interests of other defendants.

Where the proposed witness is only a defendant in form, but in substance a plaintiff, his interest being identical with that of the plaintiff, he cannot be examined, under section 343 of the Code of Civil Procedure, as to any communication or transaction between himself and a person, at the time of such examination, deceased.

(The cases of *Redman* v. *Redman,* 70 N. C. Rep., 257; and *Reynolds* v. *McCandless,* 74 N. C. Rep., 301, cited and approved.)

SPECIAL PROCEEDING, instituted in the Probate Court of GREENE County, to sell land for assets, and transferred to the Superior Court of said County, and there tried before his Honor, Judge SEYMOUR, at Spring Term, 1876.

The petition was filed against Patrick, the administrator of the deceased debtor, and against others, who it was alleged,

had received the land attempted to be sold, under a fraudulent conveyance, and who had conveyed the same by like conveyance. Issues as to the alleged fraud being raised, it was sent to the Superior Court for trial.

On the trial in the Court below, it appeared that in 1867, S. T. Stilly, the intestate, by deed of bargain and sale, conveyed the land, the subject of this controversy, to his brother, the defendant Marshall Stilley, for the expressed consideration of $600; and Marshall Stilley on the same day, by deed with warranty, and in consideration of love and affection, conveyed the same to Louisa Stilly, wife of the said S. T. Stilly, now Louisa Cameron, defendant. Both deeds were written and witnessed by the defendant Patrick, and one W. T. Lewis, no relation of the family.

The intestate, S. T. Stilly, had no issue, and the deeds above alluded to were executed in his last sickness, and about ten days before his death. No money, or other consideration, was actually paid by said Marshall Stilly for the land. He gave a note for the $600, and has never seen nor heard of it since; he was a creditor of the intestate for about $800, which has never been paid.

The plaintiffs introduced Marshall Stilly as a witness, to prove the transactions and conversations connected with the sale of said land, between the intestate and himself, the witness. This proposed evidence the defendants objected to, on the ground that section 343, C. C. P., rendered him, the proposed witness, incompetent. His Honor overruled the objection, and permitted the witness to be examined. Defendants excepted. No other witness to prove said transactions and conversations was introduced.

There was a verdict and judgment for the plaintiffs. Defendants appealed.

*Faircloth & Grainger*, for appellants.
*Gray & Stamps*, contra.

READE, J. It is clear that under C. C. P., sec. 343, Marshall Stilly could not have offered himself as a witness to speak of the transaction between him and the deceased debtor; but here he does not offer himself, but is offered by the plaintiff to prove that the transaction between the deceased debtor and himself (Marshall Stilly) under which he claims title to the land, was fraudulent against the plaintiff. It would seem that there could be no objection against allowing Marshall Stilly to be offered to testify against his own interest. And so far his Honor was right. But he not only allowed him to testify against his own interest as against *himself*, but also as against the interests of the *other defendants*. And in that his Honor was in error.

So much for general principles. But there is a special reason in this case why Marshall Stilly should not be called even by the plaintiff, because Marshall Stilly, although a defendant in form, is a plaintiff in substance. His interest is identical with the plaintiff's. The plaintiff is a creditor of the deceased, and if the sale of the land to Marshall Stilly is declared void, he gets his debt. Marshall Stilly is also a creditor of the deceased, and if the sale of the land is void, he gets his debt. So that this case is like *Redman* v. *Redman*, 70 N. C. Rep., 257, where a defendant is treated as plaintiff.

It is true that Marshall Stilley, in his conveyance of the land to one of his co-defendants, warranted the title, so that it is to that extent his interest to support the transaction between him and the deceased, and we do not know on which side this interest predominates; but under all the circumstances, we do not think that he was competent to speak of the transaction between him and the deceased. *Reynolds* v. *McCandless*, 74 N. C. Rep., 301.

There is error.

PER CURIAM.　　　　　　　　　　　　　*Venire de novo.*