MOLLIE J. LANE v. CANDIS ROGERS, Executrix of Andrew Jackson, deceased, et al.

*Evidence—Transactions with Deceased Person.*

A witness was asked upon a trial: "State when and where you first saw the book now shown to you," the object of the question being declared by counsel to be "to show that she first saw the book in the hands of defendant's intestate at the time he handed it to her on the day of her marriage": *Held,* that the question was properly excluded under section 590 of *The Code,* since the "handing her the book" was a "personal transaction" between the plaintiff witness and the deceased. It would have been competent to show by the witness that she saw the book in the hands of the intestate on the day of her marriage, as that would not have been a "transaction" with the deceased.

CIVIL ACTION, tried before *Brown, J.,* and a jury, at April Term, 1893, of the Superior Court of WAKE.

The plaintiff claimed that the sum of $1,023 was deposited by her with Andrew Jackson, the testator of the defendant Candis Rogers.

It was admitted that Andrew Jackson died leaving a will, and that Candis Rogers was the sole legatee and devisee under said will, and that she was appointed and qualified as executrix thereof, and that defendant Luke Rogers was the husband of the said Candis, and that she has children by him, the said Luke.

On the trial the plaintiff introduced a memorandum book containing a statement of the sums alleged to have been deposited with the said Andrew Jackson by plaintiff, amounting to $1,023, and purporting to have been signed by the said Jackson and witnessed by C. H. Lane, now the husband of the plaintiff. Said C. H. Lane, being offered as a witness for the plaintiff, testified that on the morning of the day of his marriage to the plaintiff the said Jackson handed this book to plaintiff in his presence. The plaintiff, being sworn

as a witness for herself, was asked: "State when and where you first say the book now shown you," the book being the one about which C. H. Lane had just testified; and the object of the question, as stated by the plaintiff's counsel, was to show that she first saw the book in the possession of Andrew Jackson at the time he handed it to her, on the day of the marriage. The evidence was objected to under section 590 of *The Code*, and the objection was sustained and the evidence excluded. Plaintiff excepted.

The plaintiff further offered to show by C. H. Lane, recalled as a witness for her, that Luke Rogers had said to him that the plaintiff's claim was just, and ought to be paid. Upon objection this evidence was rejected, and the plaintiff again excepted.

It was in evidence that the estate of Andrew Jackson consisted of $488 in bank, and of real estate in Raleigh, of which the defendant Candis Rogers was and is in possession. In opening their case the plaintiff's counsel stated that they claimed no lien upon or interest in the land in this action, but demanded only a judgment for money.

There was a verdict and judgment for the defendant, and appeal by the plaintiff.

*Messrs. Batchelor & Devereux* and *S. G. Ryan*, for plaintiff (appellant).

*Messrs. Battle & Mordecai*, for defendant.

CLARK, J.: The plaintiff was asked: "State when and where you first saw the book now shown you." The object of the question as stated by plaintiff's counsel was "to show that she first saw the book in the hands of defendant's intestate, at the time he handed it to her on the day of the marriage." The intestate's "handing her the book" was a personal transaction between the plaintiff and the deceased, and the question being asked, as stated by her counsel, with a

view of bringing out that as a part of her statement, it was properly ruled out under section 590 of *The Code.* It is true it was competent to show by her that she saw the book in the hands of the intestate on the day of her marriage (*Gray v. Cooper,* 65 N. C., 183; *March v. Verble,* 79 N. C., 19; *McCall v. Wilson,* 101 N. C., 598), since that would not have been a transaction with the intestate. But the plaintiff's husband had testified that the book had been handed to the plaintiff by the intestate, and the object seems to have been to corroborate him by her testimony embracing that fact. If the object had been only to indicate the time, that could have been done by stating simply that she saw the book in the hands of the intestate on the day of the marriage. But whatever the object may have been, we can only pass upon the inquiry as made. That the plaintiff did not properly restrict the inquiry or amend it so as to exclude the incompetent matter was her own fault. The other exception is without merit, and was not relied on in this Court.

No Error.