### JOHNSON v. CAMERON.

(Filed October 18, 1904).

1. WITNESSES—*Evidence—The Code, sec. 590.*

> A witness interested in the result of an action may testify as to a transaction between the deceased under whom she claims her interest and the adverse party.

2. DEEDS—*Delivery—Questions for Jury.*

> The mere handing of an unprobated and unregistered deed to the grantee by the grantor is not necessarily a delivery, and the question should be submitted to the jury.

3. EVIDENCE—*Wills—Deeds—Delivery.*

> The devising of land by a grantor in a deed is competent evidence on the question of the delivery of the deed, where the grantor at his death was in possession of the lands and the deed.

ACTION by J. H. Johnson against L. A. Cameron and others, heard by *Judge R. B. Peebles* and a jury, at May Term, 1904, of the Superior Court of CUMBERLAND County. From a judgment for the plaintiff the defendants appealed.

*Thomas H. Sutton* for the plaintiff.
*Isaac A. Murchison* and *M. L. John,* for the defendants.

CLARK, C. J. This was an action for partition. The plaintiffs, children and grandchildren of George W. Cameron, deceased, claim title under two deeds to him, dated 2d January, 1869, but which have never been probated or recorded, and which were found in possession of W. M. Cameron, who was sole grantor in one deed and joint grantor in the other, and under whom the defendant, Cleopatra Cameron, claims. Said W. M. Cameron died in 1901. George W. Cameron died more than twenty years ago. The widow

of W. M. Cameron, having interpleaded and claimed an interest in the land, was made a party defendant. The sole issues submitted were as to the delivery of these two deeds. The widow of George W. Cameron was allowed to testify that she saw W. M. Cameron hand said deeds to her husband.

The Code, sec. 590, disqualifies a party to an action, or one interested in the event thereof, from testifying in his (or her) interest against the person claiming adversely as to "a personal transaction or communication *between the witness and the deceased person or lunatic*," except when the executor of such opposing party or the testimony of the deceased person or lunatic is given in evidence concerning the same transaction or communication. But here the witness testified as to no transaction or communication between herself and W. M. Cameron. It was a transaction between W. M. Cameron and her husband, and as to that she is a competent witness notwithstanding her interest. *Dobbins v. Osborne,* 67 N. C., 259; *McCall v. Wilson,* 101 N. C., 600; *Loftin v. Loftin,* 96 N. C., 99, are in point; as also *Ballard v. Ballard,* 75 N. C., 191, where *Bynum, J.,* says that it is not by being a party to the action or interested in the event that one becomes disqualified, for notwithstanding that fact he is competent "except as to a transaction or communication *between such witness* and the person deceased." In *Peoples v. Maxwell,* 64 N. C., 313, it was held that while an adverse party to the action was competent to prove the handwriting of the deceased, he could not prove that the deceased actually signed the paper, but that was where the paper was executed to the witness, and hence the signing was a transaction between the witness and the deceased. To the same purport is *Bright v. Marcom,* 121 N. C., 86. Here the deed was not delivered to the witness; the delivery was not a transaction *"between the witness* and the deceased,"* and her interest, under the above decisions and by the very language of the section, does not disqualify.

There must be added the further fact that the delivery, the transaction, was between the witness and the deceased. Her interest was contingent and subsequently acquired by her husband's death. She was not a party to the transaction It may be that if the statute disqualified in cases like the present, it would be, as is said in *Isenhour v. Isenhour,* 64 N. C., 642, "a desirable rule, but it is not the one adopted by the Legislature."

This case does not turn upon the witness being a party or interested in the event—she is both. Nor does it make any difference that she is in form a party defendant. *Redman v. Redman,* 70 N. C., 261, and other cases cited in Clark's Code (3d Ed.), p. 851. Nor does it come within those cases which turn upon the question whether the evidence tends to show a transaction or communication with the deceased, for a delivery of the deeds (if made) comes under that head. *McRae v. Malloy,* 90 N. C., 524. But the transaction with the deceased here testified to by a party to the action was not *"between the witness* and the deceased," and hence by the terms of the statute and by the decisions above cited the witness was properly admitted to testify in regard thereto. *Lane v. Rogers,* 113 N. C., 171; *McCall v. Wilson, supra; Bunn v. Todd,* 107 N. C., 266.

But the Court erred in instructing the jury that if they believed the evidence of L. A. Cameron (widow of George W.), to answer the issue (of delivery) "Yes." The evidence of Mrs. Cameron was that she saw the deceased grantor "hand the deeds" to her deceased husband. But that fact, taken alone, does not constitute a delivery. It must be delivered as the grantor's act and deed. Then, too, there was the countervailing testimony to be considered by the jury that the deeds, unprobated and unregistered, were found at the death of the grantor in his possession, and that none of the plaintiffs, nor George W Cameron, have ever been in possession

JOHNSON v. CAMERON.

of one of the lots, and the widow of George W. Cameron testified that her husband and herself lived, up to his death, with W M. Cameron on the other lot. The Court erred, also, in rejecting evidence that the grantor by his will disposed of this land, it being competent as tending to throw light upon the nature of his possession of the deeds and of the land. It may be that the deeds were merely handed to George W. Cameron for inspection. Certainly, the mere evidence that they were "handed" to him without any declaration of the purpose, taken in connection with the failure to take possession of the land and the failure to probate and record the deeds and their being found years later in possession of the party named therein as grantor, did not empower the Judge as a matter of law to instruct the jury that upon the evidence of the widow, if believed, they should respond "Yes" to the issue.

Error.

WALKER, J., concurs in result.

DOUGLAS, J., concurring only in result. I cannot but think that the testimony of the widow comes within the intent and spirit of the prohibition contained in section 590 of The Code She testified. to the delivery to her deceased husband by the deceased grandfather of a deed conveying land in which the witness would be entitled to dower by virtue of said deed and of it alone. Section 590 expressly provides that: "A party or person interested in the event, or a person from, through or under whom such a party or interested person derives his interest or title by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest against the executor　＊　＊　＊　concerning a personal transaction or communication between the witness and the deceased person," etc. The prohibition extends only to par-

ties and privies, and not to mere strangers who would have no motive to testify falsely and whose testimony would not be tinctured by self-interest. The object of the statute seems plain, and yet under this decision we will have the following anomalous status of the law: Suppose that A buys a tract of land from the deceased, and immediately conveys by quit-claim deed to B, who sues for its recovery. A cannot testify to the execution of the deed, although he is not a party to the suit and has no pecuniary interest whatever in its result; while B, the person suing for the recovery of the land, can testify as to the execution of the deed by the deceased to A from whom alone he derives his title. If B's testimony is believed, he gets the land; while A gets nothing in any event, no matter how the suit may go. And yet the evidence of A is excluded while that of B is admitted. Which would be more likely to conceal or pervert the truth? In the words of *Chief Justice Pearson,* in *Walton v.. Gatlin,* 60 N. C., 310: "When the stream becomes too muddy to see the bottom, the surest way to find truth is to go up to the fountain head, that is, 'to the reason and sense of the thing.'"