### R. M. SUTTON v. M. M. WELLS ET AL.

(Filed 22 December, 1917.)

1. **Evidence—Deceased Persons—Transactions and Communications—Deeds and Conveyances—Creditor's Bill.**

   Where a conveyance of land is sought to be set aside as fraudulent against creditors, and there is evidence tending to show that the debtor had conveyed the lands to a third person without consideration, who indirectly conveyed the same to the debtor's sister, the latter claiming that the conveyance was for a loan and the deed was in the nature of a mortgage therefor, the debtor having since died, it is held that it was incompetent for his sister to testify as to any transactions relating to the subject of the action in favor of his estate. Revisal, sec. 1631.

2. **Evidence—Deceased Persons—Transactions and Communications—Independent Knowledge.**

   A party in interest may testify to a substantive fact independent of any transaction or communication with a deceased person and existing by independent knowledge, such not being within the intent and meaning of Revisal, sec. 1631.

3. **Evidence—Deceased Persons—Interest—Deeds and Conveyances—Favor of Title.**

   A party to a transaction with a deceased person is incompetent to testify thereto when it involves the question of one of several alleged fraudulent conveyances of lands as against the creditors of the deceased person and in favor of the title which he himself had conveyed. Revisal, sec. 1631.

4. **Same—Executors and Administrators—Creditor's Bill.**

   A defendant administrator of a deceased debtor in a creditors bill to set aside a series of conveyances alleged to be in fraud of his creditors,

has antagonistic interests to a defendant grantor in one of the deeds, involved in the controversy, and where the administrator has not testified to a transaction, the testimony as to such by the grantor in the deed is incompetent. Revisal, sec. 1631.

APPEAL by plaintiffs from *Shaw, J.,* at September Term, 1917, of HAYWOOD.

This action in the nature of a creditor's bill was brought by the creditors of M. M. Wells against said M. M. Wells, Maggie R. Treadway and husband, and C. T. Wells, to recover judgment against said M. M. Wells for the respective amounts due each creditor and to set aside as fraudulent a deed executed by C. T. Wells to Maggie R. Treadway and to have her declared a trustee of the land in said deed for M. M. Wells. The defendants admitted the several amounts alleged to be due each creditor in the complaint and the only issue to be passed upon was, "did Maggie R. Treadway hold the land described in the deed to her from C. T. Wells in trust for the creditors of M. M. Wells?" The latter having died since the commencement of this action, intestate, his heirs and administrator have been made parties.

The facts relied upon by plaintiffs to show the trust alleged were substantially as follows: M. M. Wells was the owner of a storehouse and lot in the town of Canton, described in the complaint, and being heavily indebted on 22 August, 1903, he executed a deed for said storehouse and lot and a bill of sale for his stock of goods as merchant to R. Winfield, without consideration. His creditors thereupon put him in bankruptcy. On 30 September, 1903, the said Winfield, at the request of M. M. Wells conveyed the storehouse and lot to Maggie R. Treadway, a sister of M. M. Wells, without any consideration from her to Winfield. M. M. Wells continued to control the said house and lot and collected rents therefrom from the time Winfield executed the lot to her, 30 September, 1903, down to 1 September, 1914. The defendants admitted in the answer that this land was held in trust by her as security for $132, which she had loaned M. M. Wells and was in effect a mortgage.

On 1 September, 1914, M. M. Wells and Maggie R. Treadway and husband executed a deed with warranty to C. T. Wells for said storehouse and lot and on the same day C. T. Wells executed a deed to Maggie R. Treadway for another storehouse and lot at the request of M. M. Wells in exchange for the house and lot that had been conveyed to C. T. Wells by M. M. Wells and Maggie R. Treadway and husband, together with M. M. Wells' one-half undivided interest in a stock of goods. This last piece of land conveyed to Maggie R. Treadway by C. T. Wells is the property sought to be reached by this action.

The jury found that Maggie R. Treadway did not hold the said land in trust for M. M. Wells, and judgment was rendered against the plain-

tiff and that Maggie R. Treadway was the owner in fee simple of the tract of land in controversy.　Appeal by plaintiff.

*J. T. Horney, T. L. Green, and W. J. Hannah for plaintiffs.*
*J. Scroop Styles and J. Bat Smathers for defendants.*

CLARK, C. J.　The assignments of error are all to evidence under Rev., 1631.

Exception 1 was for permitting Maggie R. Treadway to state what transaction she had with M. M. Wells and R. Winfield in regard to the deeds from M. M. Wells to Winfield and from Winfield to her.　The exception to this testimony was well taken.　While the administrator of M. M. Wells is in form a party defendant the recovery, if made by the plaintiffs, will be in favor of the creditors of that estate and Maggie R. Treadway is testifying in her own interest against the creditors of her brother's estate.

Exception 2.　That Maggie R. Treadway was allowed to testify whether M. M. Wells occupied the building any part of the time after she got her deed, to which she replied that he did.　This did not relate to any transaction between the witness and M. M. Wells, but was a substantive fact of which she had knowledge independently of any statement by the deceased and the testimony was competent just as she could have proved the handwriting of the deceased, or the value of property owned by him, or any other substantive fact.

Exception 3.　That the same witness was allowed to say that she used the money received from the property in improvements thereon and paying the taxes can not be sustained for the same reason that it was a substantive fact and not a transaction with the deceased.

Exception 4.　That C. T. Wells, one of the defendants, was allowed to testify that he had a transaction with M. M. Wells, his deceased brother, and Maggie R. Treadway, wherein he exchanged a storehouse and lot and a half interest in the stock of goods with them for the tract of land which was transferred from Winfield to Maggie R. Treadway, which latter was worth $2,000.　This evidence should have been excluded because he was a party defendant and was testifying to a transaction with the deceased and in favor of the title which he had conveyed to the defendant, Maggie R. Treadway.

Exception 5.　That the court permitted C. T. Wells to narrate a conversation between him and M. M. Wells, the deceased, and that in consequence of this conversation M. M. Wells went to see their sister, Maggie R. Treadway, and the exchange of lots was made and the double conveyances by C. T. Wells of his own property to Maggie R. Treadway in consideration of her conveyance to him of the property belonging to

M. M. Wells in which she had only an interest of $132. This evidence was incompetent because in favor of a party claiming title under the witness, the validity of which title was affected by his answer.

Exception 6 must also be sustained which was to the court permitting the witness C. T. Wells to testify that when M. M. Wells came back he told the witness that Maggie R. Treadway said that she would agree to this arrangement and that M. M. Wells said that he would keep the difference and would make her a deed to the house and lot for her interest; and further that the proposition she had made was that she was to have the storehouse and lot in settlement between the two. This was objectionable for the same reason also as hearsay. In this case the personal representative of M. M. Wells had not testified in his behalf as to personal transactions or communications with the deceased, nor was his testimony given in evidence concerning the same transaction. Winfield was neither the representative of M. M. Wells or a party to the action and was competent to testify and the door was not shut against him.

In *Hall v. Holleman*, 136 N. C., 35, it is said: "Death having closed the mouth of the deceased, the law closed the mouth of the other except only where the personal representative of the deceased opens up the matter by testifying himself or putting in the testimony of the deceased." To the same effect *McCanless v. Reynolds*, 74 N. C., 301; *Armfield v. Calvert*, 103 N. C., 156; *Blake v. Blake*, 120 N. C., 179.

While the administrator of M. M. Wells was made a defendant in this case his interests and duties were to preserve the estate and property of his intestate, M. M. Wells, and this action being to reach the land for the benefit of the estate of the said M. M. Wells, the interests of the administrator were antagonistic to the defendant Maggie R. Treadway and the administrator, though in form a defendant, was in fact a plaintiff as against Maggie R. Treadway, who sought to hold the land which the plaintiffs were seeking to recover in favor of the estate of M. M. Wells, for the purpose of paying his debts. *Owens v. Phelps*, 92 N. C., 235; *Weinstein v. Patrick*, 75 N. C., 344; *Redman v. Redman*, 70 N. C., 261. Also *In re Worth*, 129 N. C., 223. For these errors there must be a

New trial.