D. A. RUDISILL v. FRANK LOVE and R. C. McLEAN, Administrators, and M. M. RUDISILL and K. B. NIXON.

(Filed 28 November, 1923.)

**Evidence—Deceased Persons—Statutes—Transactions—Parties—Adverse Interests—Executors and Administrators—Bills and Notes—Negotiable Instruments.**

In an action to recover upon a note against the personal representatives of a deceased person, and others whose names appear thereon as joint principals, the admission in the pleadings that the others whose names appeared on the instrument as makers were in fact but sureties thereon, is incompetent as being a personal transaction, etc., with a deceased person, C. S., sec. 1795, it being in the interest of those thus claiming it, and against that of the deceased; and these interests being conflicting, the fact that they were all parties defendant does not vary the rule.

APPEAL by defendants, Frank Love and R. C. McLean, administrators of the estate of Edgar Love, deceased, from *Long, J.,* at May Special Term, 1923, of GASTON.

Civil action to recover upon the following promissory note:

"$7,500.                         CHERRYVILLE, N. C., March 1, 1920.

Six months after date, we promise to pay to the order of D. A. Rudisill seven thousand five hundred dollars, with interest from date at six per cent, for value received.

> EDGAR LOVE.       (Seal)
> M. M. RUDISILL.   (Seal)
> KEMP B. NIXON.   (Seal)"

Defense interposed by M. M. Rudisill and Kemp B. Nixon that they signed said note as sureties only, and that they are not liable thereon as principals.

Upon the issues thus raised, the jury returned the following verdict:

"1. Did the defendants execute the note set out in the complaint, as alleged in the complaint? Answer: 'Yes.'

"2. Are the defendants indebted to the plaintiff, as alleged in the complaint; and if so, in what amount? Answer: 'Yes; the amount of note, $7,500, and interest from 1 March, 1920.'

"3. Was the note sued on executed by the defendants, M. M. Rudisill and K. B. Nixon, as sureties for Edgar Love, to the knowledge of the plaintiff, D. A. Rudisill? Answer: 'Yes.' "

Judgment for the plaintiff in accordance with the verdict, from which the administrators of the estate of Edgar Love, deceased, appealed.

*Woltz & Woltz, David P. Dellinger, and Geo. W. Wilson for plaintiff.*
*A. L. Quickel and Mangum & Denny for Frank Love and R. C.*
*McLean, administrators.*

STACY, J.   On the hearing, and over objection of Frank Love and
R. C. McLean, administrators of the estate of Edgar Love, deceased,
plaintiff was permitted to offer in evidence a part of paragraph 5 of
the answer of Rudisill and Nixon and the corresponding allegation in
the fifth paragraph of the complaint, as follows:

Complaint: "5. That the defendants are justly indebted to the plain-
tiff in the sum of $7,500, with interest on $7,500 from the first day of
March, 1920, until paid."

Answer of Rudisill and Nixon: "5. Answering the allegations of
paragraph 5 of the complaint, these defendants deny that they are in-
debted to the plaintiff as principals upon the note referred to therein,
and allege that the note was executed by Edgar Love as principal, and
by these defendants as sureties thereon."

We think this evidence, tending to show the alleged suretyship of
Rudisill and Nixon, was incompetent as against the administrators of
the estate of Edgar Love, deceased, under C. S., 1795.   It necessarily
involved a personal transaction or communication between the defend-
ants, Rudisill and Nixon, and the deceased, for upon the face of the
note they all appear to be principals.   Obviously, if the contention of
the defendants, Rudisill and Nixon, be correct, some different under-
standing must have existed between the parties to the transaction.   Rudi-
sill and Nixon, being parties to this proceeding and interested in the
event, may not testify to any such transaction or communication with
the deceased, over objection of the administrators.   The fact that Rudi-
sill and Nixon are codefendants with the administrators cannot have
the effect of rendering this evidence competent, because their interests
are in conflict with the interests of the administrators.   *Sutton v. Wells,*
175 N. C., 1.

For the error, as indicated, there must be a new trial on the third
issue; but the new trial will be limited to this issue, as we find no error
in respect to the others.   *Pickett v. R. R.,* 117 N. C., p. 639.

Partial new trial.