J. N. GRIER v. J. H. CAGLE, Administrator, and others.

*Witness—Section* 343 *of the Code.*

A defendant administrator is incompetent under section 343 of the Code to testify in reference to a land transaction between the intestate and himself, in a suit against him by creditors of the estate to subject the land, which is alleged to have been fraudulently conveyed by the intestate to the defendant.)

(*Rhem* v. *Tull*, 13 Ired., 57 ; *Wall* v. *Fairley*, 77 N. C., 105 ; *Bryant* v. *Morris*, 69 N. C., 444, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1882, of TRANSYLVANIA Superior Court, before *Shepherd, J.*

The plaintiff appealed.

*Mr. James H. Merrimon*, for plaintiff.
*Mr. David Coleman*, for defendants.

SMITH, C. J.   The plaintiff, having recovered judgment against the defendant, as administrator of his deceased father, Leonard Cagle, and there being no available assets

to satisfy the same, in this action, instituted on behalf of himself and other creditors of the estate, seeks to pursue certain moneys of the deceased debtor, which it is alleged in the complaint were used in payment for the tract of land therein described under a fraudulent arrangement between him and the defendant, in pursuance of which the estate therein was conveyed to the latter to avoid payment of the debts of the intestate.

The aim and object of the suit is to charge the land with the sum invested in the purchase, and compel the defendant to account therefor, and upon his failure, to have the land and so much of the proceeds applied to the discharge of the claims against the intestate's estate.

The defendant denies the imputations of fraud, and avers that he paid the entire price from funds of his own, and the deed was properly and *bona fide* made to him by the vendor.

Upon this main issue made in the pleadings, the defendant was examined as a witness for himself, and was allowed to testify to transactions between himself and his intestate, in reference to the land, and precedent to the execution of the deed, terminating in the conveyance of title to himself.

The competency of the defendant to give these transactions in evidence was resisted by the plaintiff, as coming within the inhibition of section 343 of the Code, and the ruling of the court in admitting it constitutes the exception presented for review.

As the grantee and administrator are one and the same person, and the alleged fraud cannot be reached and remedied, even if they were different persons, under the act of 1846, which enables the personal representative of a deceased debtor, whose personal property proves to be insufficient, on application to the proper court for an order of sale, to subject such real estate as may be required in due course of administration in payment of debts and charges administration, as the debtor may have owned and " con-

veyed with intent to defraud his creditors, and all rights of entry and rights of action, and interests in lands, tenements and hereditaments, which he may devise or by law would descend to his heirs," the present mode of proceeding affords the only remedy for creditors in the case, and upon the facts alleged in the complaint. Bat. Rev., ch. 45, §§ 61 to 71 inclusive; *Rhem* v. *Tull*, 13 Ired., 57; *Wall* v. *Fairley*, 77 N. C., 105.

It is plain if a suit be brought under the authority of the act, by the personal representative against the devisee, heir or fraudulent alienee of the land, for its conversion into assets, the defendant could not be heard to testify to a *communication* or *transaction* between himself and the deceased in support of his own title and to defeat the plaintiff's action, and we see no reason why the statutory disability would not apply with equal force to such testimony proceeding from the defendant asserting title in himself, when the creditors sue both him and the personal representative, to enforce upon the latter a neglected legal duty. Though necessarily associated as defendants, their relations are adversary, *inter sese*, as to the subject matter of the action, as truly and for all practical purposes, as if they were arrayed in opposition upon the record; and certainly no prejudice ought to accrue to creditors because they coerce him to do what the obligations of his assumed trust required him to do without coercion.

The difference between the voluntary action of the representative, and the coercive order of the court, consists in the fact, that in one case the creditors put in motion the legal machinery provided for the conversion of real into personal estate, which the representative ought and has refused to put in motion himself.

In the present case, the administrator cannot sue because the title was not in the intestate, and could not be fraudulently alienated; and the only remedy to recover the prop-

erty thus, as alleged, fraudulently invested, and subject it to the payment of debts, is open to the creditors by a direct action against the party, who participates in the fraud and takes title to himself. In all substantial respects as regards the alienee claiming the estate, the creditors occupy towards him the same relation as would the personal representative occupy in a proceeding by himself to obtain an order of sale of property, fraudulently conveyed, and within the terms and scope of the statute.

Nor is the case varied because the grantee is also the administrator of the deceased, and, refusing to account for the moneys of the intestate used in the purchase of the land and denying his liability in the premises, forces upon the creditor a recourse to the only remedy provided by the law.

The administrator, when he sues, sues for the creditors, whose representative and trustee he becomes, and when he cannot, the creditors become actors and sue for themselves; and testimony incompetent in the former, would seem to be not less so in the latter action. The same rule ought to govern in both, and, in our opinion a fair and reasonable interpretation of the act, looking to its obvious purpose and the evils against which it is directed, includes the testimony of the defendant admitted on the trial, and it ought to have been excluded. The case is stronger than that of *Bryant* v. *Morris,* 69 N. C., 444, the facts in which were held to be within the spirit, if not within the letter of the disabling enactment.

Without passing upon other exceptions, the ruling to which we have adverted must be declared to be erroneous, entitling the plaintiff to a new trial, and in order thereto the verdict must be set aside. Let this be certified.

Error.                                    *Venire de novo.*