MARGARET A. JOHNSON et al v. ELGATE TOWNSEND.

*Witness—Testimony, Competency of—Transaction With Deceased Person.*

Section 590 of *The Code* does not incapacitate a party or person interested in the event of an action from testifying in a suit in which the personal representative of a decedent is plaintiff, concerning a transaction between such witness, on the one side, and the decedent and others on the other, when the associates of such decedent in the transaction are living and are co-plaintiffs with the decedent's personal representative.

CIVIL ACTION, tried at April Special Term, 1895, of ROBESON Superior Court, before *Brown, J.,* and a jury. There was a verdict for the plaintiffs, and defendant appealed, assigning as error the exclusion of the testimony referred to in the opinion of Associate Justice MONTGOMERY.

*Messrs. McNeill & McLean* and *G. B. Patterson,* for defendant (appellant).
No counsel, *contra.*

MONTGOMERY, J. : This action was commenced by Margaret Johnson, administratrix of D. A. Johnson, deceased, and Margaret Johnson and Mary Johnson, sisters of the deceased, to recover an amount alleged to be due on a promissory note in the sum of $1250, executed by the defendant to the intestate and his sister, the plaintiffs. The defendant admitted the execution of the note but averred that it was void and of no effect in law because it was executed under a covinous agreement between himself and the payees to enable them to defeat and defraud the creditors of the payees. The defendant on the trial

testified : "I had a conversation with Margaret and Mary Johnson in which they said they were in trouble and wanted to make a deed to me for their land to prevent Rowland & McLean getting it. They wanted to know if I would make a deed back to them after it was all over. I said I would. They made the deed and at the same time I signed and executed the note sued on in this action. They came to me about four or five months afterward and wanted me to make a deed back to them. I told them I would if they would pay me what they owed me. I claimed that they owed me one or two hundred dollars which was owing to me."

He then offered to prove by himself that D. A. Johnson, the intestate, was present at the time of the conversation testified to by him and heard the conversation and assented to it. This was excluded by the court and the defendant excepted. The complaint and answer show that the subject of this action was a transaction in which the intestate and the other two plaintiffs were associated and united in interest. Section 590 of *The Code* excludes the testimony in his own behalf of a party interested in the event of the suit concerning a personal transaction between the witness and the deceased person, as against the personal representative then prosecuting or defending the suit, unless the personal representative has opened the way by giving testimony himself about the transaction. In the case before us the plaintiffs had put in no testimony. The general rule is that "no person offered as a witness shall be excluded by reason of his interest in the event of the action." Section 590 is the exception, and, unless the matter concerning which the defendant's witness wished to testify fell under the exception, the testimony ought to have been received. The object of Section 590 is to prevent the side of a living party or person interested in the

event of the suit from being heard through his own personal testimony to the possible injury of the interests of the decedent's estate, when his personal representative or those who claim under the decedent are parties on the other side. We are of the opinion that the mischief intended to be prevented by section 590 was not liable to occurr by the admission of the defendant's testimony in this case. We think that the conversation, transaction, which the witness offered to prove by his own testimony was not strictly a conversation with the intestate, but was one held with him and two others, his sisters, the plaintiffs in this action, who were associated with him in the transaction. A case exactly in point is that of *Peacock* v. *Stott*, 90 N. C., 518. Chief Justice SMITH, in delivering the opinion of the Court, says: "The conversation sought to be elicited by the interrogatory was *with three persons* and to show their contract with the witness, so that these two living witnesses to the fact to which the testimony is directed could give their version of it, and the evidence of the witness would not be beyond the reach of correction or contradiction, and the reason for the exclusion would not exist. As, then, the testimony is not within the words of the excluding proviso nor the reason of the rule that it prescribes, we are of the opinion that it ought to have been admitted." The same interpretation of similar statutes to Section 590 is had in *Comstock* v. *Hine*, 73 N. Y., 280, *Kale* v. *Elliott*, 25 N. Y., 198, and I Hampton's Evidence, where the author says that "the exception does not incapacitate when the suit is against co-defendants of whom only one is dead when the contract was made either with the living co-defendant or with the living and the dead concurrently." We are of the opinion, therefore, that the testimony ought to have been received. This makes it

unnecessary to consider the other exceptions. The plaintiff is entitled to a new trial.

New Trial.