MARTHA H. BLAKE v. D. C. BLAKE et al.

*Action to Recover Land—Transaction With Deceased Person—*
*§ 590 of the Code.*

In an action to recover land the children of a deceased mother were
parties plaintiff and defendant, plaintiff claiming as devisee of the
mother. On the trial the defendants offered to testify that the
mother had agreed to hold the land in trust for life, with remainder
to plaintiff and defendants as tenants in common. *Held,* that they
were incompetent, under section 590 of *The Code,* to testify to the
alleged agreement on the part of their deceased mother, the plain-
tiff not having offered to give evidence concerning the matter.

120—23

ACTION OF EJECTMENT, tried at October Term, 1896, of WAKE Superior Court, before *Boykin, J.*, and a jury.

Defendants set up an equitable claim to the land, alleging in their answer that the deed upon which plaintiff relied was made to her mother through a mistake, and that the defendants paid for the land. The plaintiff offered in evidence the will of her mother, Minerva Blake, and also a deed of one Andrews, reciting that the purchase money was paid by her mother. The defendants testified that their father died intestate, seized of the land, and that their mother, Minerva Blake, had her dower laid off therein; and defendant, D. C. Blake, testified that he and his mother and the other heirs of his father agreed to sell the land which descended to them, and invest the money in the land which their mother bought of Andrews, and agreed with their mother that she was to take the same interest in the land purchased from Andrews that she had in the land they sold, and no more, to-wit, a dower interest. The plaintiff and the defendants are the children of Minerva Blake, and tenants in common, but there was no actual ouster, the plaintiff claiming the land as the devisee under the will of her mother.

The plaintiff objected to the testimony of the defendants concerning the agreement, as incompetent under Section 590 of *The Code.* There was a verdict followed by judgment for the defendants and plaintiff appealed.

*Mr. M. A. Bledsoe,* for defendants (appellants).
No counsel, *contra.*

CLARK, J.: The defendants were incompetent under Section 590 of *The Code* to testify to any alleged personal agreement or transaction between them and the mother, now deceased, under whom the plaintiff claims. Indeed,

it would be difficult to find a case falling more directly within the very words of the Statute. That the plaintiff herself is alleged to have been a party to the agreement (which she denies), does not affect the matter, as it is not the plaintiff's assent, but the agreement of her deceased ancestor, which was sought to be shown, in order to correct the fee simple deed taken by such ancestor into a trust for life to her, with remainder as tenant in common to the plaintiff and the defendants. *Barbee* v. *Barbee*, 108 N. C., 581.

*Peacock* v. *Scott*, 90 N. C., 518, and *Johnson* v. *Townsend*, 117 N. C., 338, are clearly distinguishable. In those cases, the personal transaction or communication was had with two or more persons associated in interest, and it was held that the death of one of them does not prevent such transaction being given in evidence when the associates of the decedent are living and parties to the action. Here the transaction was between the children (now the plaintiff and defendants) on one side, and the mother alone on the other. She left no living associates to narrate her side of the transaction, as in the two cases above cited. It is true, the plaintiff is her devisee, but this brings the case within the very words of the Statute which forbids the transaction with a decedent being given in evidence by the opposite party to the transaction, unless the person claiming under the deceased as executor, devisee, &c., is first "examined in his own behalf." The transaction with the deceased, she having no associates, could not be given in evidence by the defendants unless the plaintiff, her devisee, had gone on the stand, and the fact that the plaintiff is alleged to have been a party with the defendants in making the agreement with the deceased, does not render it competent to show what passed between them and the deceased. It would be admissible to show any agreement between the

plaintiff and the defendants, but not that the deceased assented to it, *Halyburton* v. *Dobson*, 65 N. C., 88, unless the party claiming under the deceased has elected to give evidence in regard to the matter. *Sic ita scripta est lex.* There have been many cases where the executor or other person claiming under the decedent could have testified as to the transaction between the decedent and the opposite party, but unless such executor or devisee, &c., elects to testify the opposite party cannot. *Armfield* v. *Colvert*, 103 N. C., 147.

Error.