It is alleged in the complaint, and not denied in the answer, that Emma Butler, the plaintiff's intestate, an ignorant colored woman, held two notes executed by the defendant — one for $1,000 and the other for $700. The plaintiff alleges that the said Emma carried the notes to the defendant to calculate the amount due on the same and for payment; that the defendant, claiming to be busy, told her he would make the calculation and come down and pay her, retaining the notes, but that he has never done so. The defendant denies this, and contends that he paid off the notes in full, and, having thus obtained possession of the notes, he has since destroyed them.
Two witnesses — Keen and Hall, the latter the husband of the plaintiff administratrix and not a party to the action — testified to the conversation between the deceased and the defendant at the time the notes were left with the defendant. (35) Thereupon, the court permitted the defendant himself to testify as to the conversation between himself and the deceased, over the plaintiff's exception. In this there was error. The Code removes generally from witnesses the common law disability by reason of interest, but excepts (section 590) "parties * * * testifying in their own behalf concerning a personal transaction * * * between the witness and the deceased." * * * See Bunn v.Todd, 107 N.C. 266, where section 590 is analyzed.
There is this exception to the disqualification still retained by section 590 in the above cases: "Except where the executor, *Page 26 
administrator, etc., is examined in his own behalf, or the testimony of the lunatic or deceased person is given in evidence concerning the same transaction or communication." Death having closed the mouth of the deceased, the law (as heretofore) closes the mouth of the other, except only where the personal representative of the deceased opens the matter by testifying himself or putting in the testimony of the deceased. This means the testimony of the deceased as his deposition de bene esse, or evidence of his testimony at a former trial, and not merely testimony for theplaintiff by competent witnesses, as in this case. Else the statute, instead of the words used, would have simply made the defendant competent "whenever any evidence of the personal transaction * * * is introduced in behalf of the plaintiff administrator or executor." On the contrary, to make the defendant competent, either the plaintiff executor (or administrator) must himself testify as to the transaction, or he must introduce the testimony of the deceased — not, as here, the testimony of disinterested and therefore competent witnesses — to prove the transaction.
This exact point was decided in McRae v. Malloy, (36) 90 N.C. 521, and it was held that third persons present at such conversations "may be examined by either party to the action, but the disqualifications of a party to the cause is not removed thereby, as the statute makes no exception where others were present." To the same purport is Sumner v. Candler,92 N.C. 637, where the facts are "on all-fours" with this. The plaintiff administrator introduced the son of the deceased as a witness, who testified as to the conversation, and the Court held that the defendant was not thereby rendered competent because the plaintiff had neither testified himself nor put in evidence any testimony of his intestate.
The rule is stated in McCanless v. Reynolds, 74 N.C. 301, quoted and approved in Armfield v. Colvert, 103 N.C. at p. 156: "Unless both parties can be heard on oath, a party to the action is not a competent witness." As said in Blake v. Blake, 120 N.C. 179: "The very words of the statute forbid the transaction with a decedent being given in evidence, unless the person claiming under the deceased, as executor, * * * is first examined in his own behalf, or gives in evidence, it may be added, the testimony of the deceased himself — not, as here, testimony of disinterested witnesses. It has been repeatedly held that, in such cases, agents and attorneys of the parties are competent, their bias, if any, being a matter for the jury.Propst v. Fisher, 104 N.C. 214; Sprague v. Bond, 113 N.C. 551. A. V. Hall, husband of the plaintiff administratrix, is not a *Page 27 
party to the action and has no interest in the event thereof, and is a competent witness. Bradsher v. Brooks, 71 N.C. 322.
In Burnett v. Savage, 92 N.C. 10, and Hughes v. Boone, 102 N.C. 138, the defendant was made competent because the plaintiff, the personal representative, testified in his own behalf to the transaction. In Nixon v.McKinney, 105 N.C. 23, the deposition of the deceased was read in evidence, which, of course, made the defendant competent. Peacock v. (37) Stott, 90 N.C. 518, and Johnson v. Townsend, 117 N.C. 338, are clearly distinguishable for the reasons given in Blake v. Blake,120 N.C. 179.
Error.