LEHEW v. HEWETT.

(Filed April 4, 1905).

*Deeds—Mistake—Reformation—Evidence—Competency—*
*Sufficiency—Questions for Jury.*

1. In an action to correct a deed, evidence of a conversation between plaintiff and the grantor, showing the agreement made at the time the land was purchased, is admissible.

2. In an action to correct a deed made to the plaintiff's wife who is dead, the plaintiff can testify as to what took place between him and the grantor, who is living, and the fact that his wife's estate is affected by the evidence does not render it incompetent under section 590 of the Code.

3. Where there is any evidence of an alleged mistake in a deed or other similar equity requiring clear and convincing proof to sustain it, the case must go to the jury with proper instructions as to the intensity of the proof, and the judge has no right to declare the evidence insufficient to establish the equity because he may not consider it clear, strong and convincing.

4. In an action to correct a deed executed to plaintiff's wife, evidence that plaintiff paid for the land with his own money, that his wife had no money, that he took possession when the deed was executed and held it ever since, that they had no children, that he held possession as against her heirs, after her death for 8 years, without any claim for rent or any right of entry being asserted by them, is sufficient to support a verdict for plaintiff.

ACTION by S. W. Lehew against F. B. Hewett and others, heard by *Judge Geo. H. Brown, Jr.,* and a jury at the September Term, 1904 of the Superior Court of BRUNSWICK County.

From a judgment for the plaintiff, the defendants appealed.

This action was brought to correct a deed. Plaintiff alleged and introduced evidence to show that he bought the land from Frank Hewett in 1878 and paid for it out of his own money. He directed the deed to be made so as to con-

vey the land to his wife, Mary B. Hewett, and if she died first then to himself. Frank Hewett drew the deed so that it conveyed the land to Mary B. Hewett in fee without mentioning the plaintiff. There was evidence that plaintiff and his wife had no children and that plaintiff took possession when the deed was executed and has held it ever since. His wife died in 1889. Plaintiff testified that he did not discover the mistake in the deed until 1897, a short time before this action was commenced. Defendant moved to non-suit the plaintiff under the statute. The motion was overruled and plaintiff excepted. Upon issues submitted, the jury found that plaintiff paid the purchase money for the land upon an agreement with Frank Hewett that it should be conveyed by deed to Mary B. Hewett, and if she died first then to the plaintiff, and that this clause was omitted from the deed by mutual mistake of the parties. There was judgment upon the verdict for the plaintiff, and the defendant having duly excepted, appealed and assigned the following errors:—

1. "That the court erred in admitting the conversation between himself and Frank Hewett which was objected to on the ground (1) it was a contract concerning land and not in writing and (2) that it was not admissible under Section 590 of The Code as it was substantially a transaction between himself and his wife now deceased."

2. "That the judge erred in not holding that the evidence was not sufficient to be submitted to the jury to reform the deeds declared on or either of them."

3. "That the judge erred in not deciding that the evidence was not sufficient to justify the court in reforming the deeds or either one of them."

*Iredell Meares,* for the plaintiff.
*John D. Bellamy,* for the defendant.

WALKER, J., after stating the case: The first assignment of error cannot be sustained. It is true that contracts relating to land must be in writing but every deed presupposes an oral agreement between the parties, which is to be finally evidenced by the deed, and the conversation between plaintiff and Hewett related to such an agreement. It was for the purpose of showing the variance between this preliminary agreement and the deed that the evidence was offered, and it was clearly competent for that purpose. It was the very gist of the controversy and to question the right to introduce parol testimony is to deny the jurisdiction of a court of equity in such cases. *Warehouse Co. v. Ozment,* 132 N. C., 839. We find it stated in 3 Greenleaf on Ev. (16 Ed.) Sec. 360, that, subject to certain stated modifications, the rule is inflexible "that extrinsic verbal evidence is not admissible at law to contradict or alter a written instrument. In equity the same general doctrine is admitted, subject however to certain other modifications, necessarily required for that relief which equity alone can afford. For equity relieves not only against fraud but against accidents and the mistakes of parties; and whenever a written instrument, in its terms, stands in the way of this relief, it is obvious that parol evidence ought to be admitted to show that the instrument does not express the intention of the parties, or in other words to control its written language by the oral language of truth. It may express more or less than one of the parties intended, or it may express something different from that which they both intended; in either of which cases, and in certain relations of the parties before the court, parol evidence of the fact is admissible as indispensable to the relief." Nor was this evidence incompetent under Section 590 of The Code. Plaintiff testified to no transaction or communication between himself and his wife, but solely to what took place between him and Hewett, who is now living. The mere fact that his

wife's estate is affected by the evidence does not render it
incompetent.

The last assignment of error is the one mainly relied on.
By it, the defendant challenges the correctness of the ruling
made in this case when before us at a former term (130 N.
C., 22) and in several other cases to the effect that the judge
cannot pass upon the weight of evidence and withdraw a case
from the jury, when it appears to him that the evidence is
not clear, strong and convincing. It is argued by counsel
that whether it is of that character is a preliminary question
of law for the judge to decide, but it is clear to us that this
cannot be so. A decision of the judge to submit a case to
the jury would, if defendant's counsel is right in his view,
be virtually an intimation to the jury that the evidence is
clear, strong and convincing; whereas under our law it is
peculiarly the duty of the jury to pass upon the weight of the
evidence, and a like result would follow when the evidence is
required only to preponderate, or the State is required to
prove its case beyond any reasonable doubt in a criminal
action. For the same reason the judge cannot withdraw a
case from the jury if there is any evidence, though it may not
be clear, strong and convincing. The statute positively for-
bids him "to give an opinion whether a fact is fully or
sufficiently proved, such matter being the true office and
province of the jury." Code Sec. 413. Under this act the
weight of the evidence is left entirely with the jury. The
court must of course explain to the jury the law in regard to
the intensity of the proof, but the jury must finally decide
what weight should be given to it in reaching a conclusion,
whether it is sufficient, according to the rule laid down by
the court, to warrant a verdict in favor of the party who
claims the right to recover upon it. This must necessarily be
so, otherwise the judge may decide, in a case where only a
preponderance of the evidence is required to entitle a party
to a verdict, that there is or is not such preponderance, and in

a criminal case that the evidence does or does not exclude reasonable doubt. The difference between those cases and ours, in respect to the proof, is one only in degree and not in principle. *Cobb v. Edwards,* 117 N. C., 253; *Hemphill v. Hemphill,* 99 N. C., 436; *Lehew v. Hewett,* 130 N. C., 22. If the judge cannot decide the question as matter of law in one of the cases, he cannot do so in either of the others, because they all relate to the quantity of proof, the law merely requiring stronger evidence when there is a presumption against the existence of the fact proposed to be established than when there is no such presumption. We cannot assimilate a trial before a jury to one before a Chancellor under the former system of equity, as the Constitution and the statute regulate trial by jury and forbid the judge to express any opinion upon the weight or sufficiency of the evidence, whereas there was no such restraint put upon the Chancellor who passed upon the evidence himself as a trier of the facts, and determined whether it was of the convincing character required by the rule in chancery. As these equitable matters are now submitted to a jury under the guidance of the judge as to the law, they must be investigated like other issues of fact and according to the method and procedure of ordinary jury trials. It has been the settled rule of this court for many years that if there is any evidence of the alleged mistake in a deed, or other similar equity requiring clear and convincing proof to sustain it, the case must go to the jury with proper instructions as to the intensity of the proof, and the judge has no right to declare the evidence insufficient to establish the equity because he may not consider it clear, strong and convincing. *Ferrall v. Broadway,* 95 N. C., 551; *Berry v. Hall,* 105 N. C., 154; *Cobb v. Edwards* and *Lehew v. Hewett, supra; Avery v. Stewart,* 136 N. C., 426. In *Ferrall v. Broadway, supra,* the court says: "What effect is to be given to testimony, competent in law to establish a fact, belongs exclusively to the

jury to determine, as also the credibility of witnesses who give the testimony. This is so universally recognized and acted on in the administration of the law in tribunals constituted of a judge and jury, and exercising their several functions, as to need no support from references. The error committed in the charge is in imposing upon a jury the rule which a judge, passing upon facts without a jury, prescribed for his own action, as one which the jury is bound to obey."

But apart from the rule that the judge cannot weigh the evidence, even in causes of an equitable nature when the proof must be clear, strong and convincing, we think there was sufficient proof in this case to carry it to the jury. The plaintiff testified that he paid for the land $1,330 and as to this he was corroborated by the testimony of Wescott and by other evidence in the case. His wife had no estate out of which to pay the purchase money except an interest in land which she kept during her life time. He took immediate possession of the land and continued in possession to the time of bringing this suit. He had no children by his first wife, and yet continued to hold the possession as against her heirs after her death, for about eight years, without any claim for rent or any right of entry being asserted by them. This has generally been considered a fact *de hors* the deed entitled to much consideration by a jury. *Shelton v. Shelton,* 58 N. C., 292. There was at least sufficient evidence in law to support the verdict.

When the verdict is against the weight of the testimony, the losing party can apply to the judge, in cases like this one, as in other cases, to set aside the verdict, and this seems to be the only mode of relief. The judge can of course set aside the verdict of his own motion if he sees proper to do so. This disposes of the assignments of error. The other points made in the brief are without merit.

No Error.

BROWN, J., did not sit on the hearing of this case.