D. B. ZOLLICOFFER, Guardian, v. E. T. ZOLLICOFFER, Executor, et al.

(Filed 24 February, 1915.)

1. **Gifts—Delivery—Trials—Evidence—Questions for Jury.**

Where there is evidence tending to show that the grandmother indorsed certain certificates of corporate stock to her granddaughter and requested the latter's father to hold them for his daughter until after her death, which he refused to do, deeming it better for the donor to so hold the stock; that she put the certificates in her Bible and afterwards stated that she had given them to her granddaughter, the evidence raises more than a conjecture of the delivery necessary to the validity of the gift; and the certificates not having been found after her death in the place the alleged donor had put them, the question of a valid gift is one for the determination of the jury in an action against the administrator and the corporation to compel the issuance of a certificate to the alleged donee to supply the place of the lost one.

2. **Statutes—Deceased Persons—Transactions and Communications.**

Transactions and communications between a deceased person and a third party not interested in the event of the action are not objectionable, as evidence, under our statute, Revisal, sec. 1631.

3. **Appeal and Error—Evidence Immaterial.**

The admission of evidence which, under the charge of the court, could not have been prejudicial to the appellant is not reversible error on appeal.

4. **Trials—Issues Sufficient—Appeal and Error.**

Where the issues submitted at the trial are sufficient to present all the matters involved in the controversy, the rejection of those tendered by the appellant will not be held as error.

5. **Trials—Instructions—Objections and Exceptions—Specific Requests.**

Where the charge states correctly, though in general terms, the law applicable to the issues involved in the controversy, exceptions that they were not more specific will not be considered on appeal, in the absence of the refusal of special requests for instructions, that they be made so.

Appeal by defendant from *Bond, J.,* at August Term, 1914, of Halifax.

The plaintiff, D. B. Zollicoffer, brought this action as guardian, to recover for his ward, Catherine A. Zollicoffer, who is his daughter, a certain certificate for ten shares of stock in the Roanoke Bridge Company of the par value of $1,000. The bridge company has no interest in the action, being only a nominal defendant, and agreeing to transfer the stock on its books and issue a certificate therefor to whomsoever the court may direct. The stock stands upon the books of said company in the name of Mrs. S. A. Thomas, the defendants' testatrix. The plaintiff claims the stock as the property of his ward, for the reason that the defendants' testatrix, some seven months prior to her death and about four months prior to the making of her last will, gave the certificate of

stock to his ward. The defendants admit that their testatrix intended at the time to give the stock to the ward of the plaintiff, her granddaughter and their younger sister, but contend that she failed to complete the gift and afterwards revoked her intention; made a will giving the ward of the plaintiff $1,000 in cash, which has been paid, in lieu thereof, and bequeathed the stock to defendants as residuary legatees and devisees under her will.

The plaintiff married the only child and daughter of the defendants' testatrix. They had eight children living at the time of the defendants' testatrix's death. Mrs. Thomas left a will giving legacies to her daughter and each of her other grandchildren and bequeathing the rest and residue of her estate, after paying the debts and legacies, to the defendants, who are her executor and executrix, and the two eldest of her grandchildren. There was some evidence that Mrs. Thomas placed the certificate of stock, after she had indorsed it to Catherine A. Zollicoffer, in her Bible, and it is admitted that it disappeared therefrom, in some way unknown, prior to her death. Before placing it in the Bible, she had requested the plaintiff, who was not then guardian, to take it and keep it for his daughter, Catherine Zollicoffer, but he declined to do so, stating that she was the one to hold it for her.

At the trial, upon an issue submitted to the jury, they found that plaintiff is the owner of the certificate of stock, and from the judgment on the verdict the defendants appealed.

*F. S. Spruill, William L. Knight, and W. E. Daniel for plaintiff.*
*Mason, Worrell & Long and George C. Green for defendants.*

WALKER, J., after stating the facts: It seems to us, after making a careful analysis of this case, that the question presented by it is largely one of fact. Defendants contended that there was no evidence of a delivery of the certificate of stock to Catherine A. Zollicoffer or to any one for her. If there was such evidence, then it was the province of the jury to pass upon it and decide the issue. The certificate had been issued to Mrs. Thomas, and it does not appear to have been denied, and it would be vain to deny, that she wished to give it to her granddaughter, the ward of the plaintiff. She failed to do so in the best way conceivable, that is, by indorsement to her and delivery of the certificate, either to her personally or to some one for her. Her effort to do so miscarried because the plaintiff would not receive the certificate, at Mrs. Thomas' request, and hold it for his daughter, thinking that for some reason it was best for Mrs. Thomas to hold it for her. At any rate, Mrs. Thomas retained the certificate and placed it in her Bible for safe keeping, but some one either abstracted it therefrom or it was lost or destroyed accidentally. It can make no material difference, in our view of the case,

·how it disappeared, if there was a delivery or valid transfer of the cer-. tificate ever made. The whole case turns upon what Mrs. Thomas said or did in regard to it. There was testimony to the effect that she stated, after the stock was placed in the Bible, that she had given it to her granddaughter,. Catherine Zollicoffer, and whether she had done so or not was manifestly a question for the jury. The judge submitted it to the jury, with proper instructions to find the fact, placing the burden of proving the issue upon the plaintiff. The evidence of the fact may have been very slight, but it was more than a scintilla, and when this is so it carries the case to the jury. *Wiltkowsky v. Wasson,* 71 N. C., 451. We cannot say that the evidence did not reasonably warrant the verdict or that there was only room for a mere guess or conjecture. *·Byrd v. Express Co.,* 139 N. C., 273. We decided in *Gross v. Smith,* 132 N. C., 604, that where a party stated that he had given personal property to another, in the absence of explanation, or restriction, it included the idea that he had delivered it, as delivery is essential to a valid gift. "All courts," we there said, "hold that delivery is necessary to the validity of the gift, but the fact of delivery may be found by the jury from the acts, conduct, and declarations of the alleged donor, just as any other material fact may be found in the same way from the acts, conduct, and declarations of a party to be affected thereby. What is a gift is a question of law, but whether or. not there was a gift in any particular case is a question for the consideration of the jury upon the testimony." In *Rooney v. Minor,* 56 Vt., 527, it was held that the admissions of an intestate that she had made the gift did not prove the fact in the sense that it was conclusive, but that it was some evidence to be weighed by the jury upon the question of delivery. It tended to show the fact, though it was not sufficient in law to constitute a gift *inter vivos,* unless the jury should find therefrom that there had been a delivery. This is the very point in our case. In *Spencer v. Littlejohn,* 22 S. C., 358, the same question was involved, and the Court held that, while a gift of personal property is not complete without delivery, declarations of the alleged donor to the effect that he had given the property was competent evidence from which the jury might determine whether the gift had been made. The Court says: "It is true that delivery must be proved, but this is a question of fact for the jury; and inasmuch as there can be no complete and legal gift without delivery, the very use of the term 'give' or 'I have given' may sometimes be intended to include the delivery, and when such declarations have been used by the donor and they are admitted by the court as competent, we think it ought to be left to the jury to say whether the gift has been proved, including the delivery; and it ought not to be laid down as a rule of law to govern the jury that such declarations in themselves are insufficient to prove the gift." The question is fully discussed in that

case, and no further argument in support of the proposition is required. *Gross v. Smith, supra,* was approved in *Davis v. R. R.,* 134 N. C., 300. See, also, 20 Cyc., 1247, 1248. Defendants' counsel rely on *Davis v. Boyd,* 51 N. C., 249, but the case is clearly distinguishable, for there it clearly appeared that there had been no delivery, as the slaves were in this State and the alleged donee in Virginia. Delivery was, therefore, physically impossible. Besides, the evidence referred to the gift as having been made only by a writing, which was invalid to pass the property. It was not pretended that there had been any actual delivery or transmutation of possession. If it had appeared conclusively, or it had been found that Mrs. Thomas had not parted with the possession, and all she meant was that she had merely indorsed the certificate to her granddaughter and had not actually delivered it to her or to some one for her, the case would be different. The contrary rather appears, for the court told the jury that delivery was necessary to constitute a gift, and that plaintiff could not recover unless they found there had been such a delivery, or, to use the language of the court, that the certificate "was given and delivered to the young lady." The court also very aptly illustrated what it meant by a delivery, so that the jury could not have misunderstood the question they were to decide, and they were sufficiently instructed that the mere indorsement and retention of the certificate by Mrs. Thomas would not constitute a gift of it.

As to the question of evidence, we think the court confined the testimony of plaintiff, D. B. Zollicoffer, to what occurred between Mrs. Thomas and the defendant E. T. Zollicoffer, and in this view there could be no valid objection to it, as the witness was not speaking of any communication or transaction between him and Mrs. Thomas, but of one between her and a third party. *Johnson v. Cameron,* 136 N. C., 243; *Bunn v. Todd,* 107 N. C., 266; *Dobbins v. Osborne,* 67 N. C., 259; *McCall v. Wilson,* 101 N. C., 600; *Loftin v. Loftin,* 96 N. C., 99; *Ballard v. Ballard,* 75 N. C., 191. We may add that it seems to have been admitted that Mrs. Thomas requested D. B. Zollicoffer to take and hold the certificate for his daughter and that he refused to do so, and if so, any error as to that communication or transaction would be harmless. But the court carefully excluded it.

The introduction of the will of E. I. Thomas did not prejudice the defendants, as the court charged the jury that no trust was created thereby in the certificate, but only as to his own estate, for he had no interest in the stock. Exceptions were taken to the statement by the court of the contentions of the respective parties, but we can see no valid ground for objection. It was fair to both parties, and tended to present the case more carefully and clearly to the jury and to aid them in weighing the arguments.

The issues were sufficient to present all the matters involved, and, therefore, there was no error in rejecting those tendered by the defendants. *Hatcher v. Dabbs,* 133 N. C., 239; *Albert v. Ins. Co.,* 122 N. C., 92; *Ratliff v. Ratliff,* 131 N. C., 425. If defendants desired more specific instructions as to whether, in stating that she had given the stock to her granddaughter, Mrs. Thomas merely referred to her indorsement of it, and not to any actual delivery of it, and if so, the jury should answer the issue "No," they should have asked for it. *Simmons v. Davenport,* 140 N. C., 407, and cases cited.

The other exceptions require no special comment, as they are covered by those already discussed.

No error.