MRS. CATHARINE A. BARTON v. DANIEL BARTON ET AL.

(Filed 3 November, 1926.)

**Evidence — Deceased Persons — Transactions and Communications — Statutes.**

Where, in a suit seeking the equitable relief of reformation of a wife's deed of lands to her husband, evidence that the wife in the presence of her husband delivered the conveyance claimed by her to have been executed by the mistake of the justice of the peace, to said justice, who then took her acknowledgment, is not of a personal communication or transaction, etc., with her deceased husband as inhibited by C. S., 1795. *Smith v. Moore,* 142 N. C., p. 277, as to the question of principal and agency, cited and distinguished.

APPEAL by plaintiff from *Webb, J.,* at May Term, 1926, of FORSYTH.

Civil action to correct error in deed, alleged to have been caused by mutual mistake, or mistake of the draftsman, tried in the Forsyth County Court on the following issues:

"1. Was the deed executed by mutual mistake of Catharine A. Barton and A. A. Barton, conveying a fee simple except her dower interest instead of a life estate, as alleged in the complaint? A. Yes.

"2. If so, is the plaintiff estopped by her actions and conduct to contest such mutual mistake, as alleged in the answer? A. No.

"3. Is the plaintiff's cause of action barred by the three-year statute of limitation, as alleged in the answer? A. No.

"4. Is the plaintiff's cause of action barred by the ten-year statute of limitations, as alleged in the answer? A. No."

On appeal to the Superior Court, the cause was remanded for another hearing for errors in the admission of evidence; and, from this order the plaintiff appeals, contending that no reversible error was committed on the trial in the county court. Defendants also gave notice of an appeal, but this was abandoned.

*Parrish & Deal for plaintiff.*
*Swink, Clement, Hutchins & Feimster for defendants.*

STACY, C. J.  The plaintiff, Catharine A. Barton, inherited several valuable pieces of real property from her father, Phillip Hopkins.  In 1901, she conveyed to her husband, A. A. Barton, a life estate in one of these tracts of land.  Later this property was sold, and in 1912, the plaintiff conveyed another lot to her husband, intending to provide a home for him during his lifetime only, but by mutual mistake, or the mistake of the draftsman, the deed did not limit the estate conveyed to one for life.  Upon its face, the deed conveys a fee simple.  Plaintiff's husband died in 1925, without child or children him surviving.  This action is brought by his widow against his heirs at law to reform the deed or to correct the mistake.

Plaintiff testified, over objection, that in 1912, when the deed in question was executed, she took the deed, which she had executed in 1901 conveying a life estate to her husband in the first tract, to a justice of the peace and asked him to draw a deed for the second tract "just like the other one," and upon assurance from the justice of the peace that the deed he had prepared was just like the first one and conveyed only a life estate to her husband, she signed the same, not knowing or thinking that it was a deed in fee simple.

Due to the admission of this evidence, over objection by the defendants, the Superior Court deeming it to be incompetent under C. S., 1795, the cause was remanded for another hearing, as provided by the act creating the Forsyth County Court.  *Chemical Co. v. Turner,* 190 N. C., 471; *Smith v. Winston-Salem,* 189 N. C., 178.

On cross-examination, and, of course, without objection, the plaintiff was asked if her husband was present at the time of her conversation with the justice of the peace.  She answered in the affirmative.  Then the following question was asked her:  "And you handed the deed to your husband after this conversation with Mr. Lehman (justice of the peace), didn't you?"  To which she replied:  "Yes, sir."  The cross-examination of the witness was first had in the absence of the jury and later offered in evidence by the defendants.  There was other evidence tending to support the plaintiff's view of the case.

It will be observed that the plaintiff had testified to no personal transaction or communication between herself and her husband, since deceased, until she was asked the direct question on cross-examination as to whether she handed the deed in question to her husband.  *In re Will of Mann, ante,* 248.  It is the holding of a number of cases, in keeping with the language of the statute, that the personal transaction or communication about which the interested witness may not testify is one between the witness and the deceased, and not one between the witness and a third person, even though the transaction or communi-

cation took place in the presence of the deceased. *Zollicoffer v. Zolli-coffer,* 168 N. C., 326; *Worth v. Wrenn,* 144 N. C., 656; *Lehew v. Hewett,* 138 N. C., 6; *Johnson v. Cameron,* 136 N. C., 243; *Watts v. Warren,* 108 N. C., 515; *Bunn v. Todd,* 107 N. C., 266; *Norris v. Stewart,* 105 N. C., 455; *McCall v. Wilson,* 101 N. C., 598.

The case of *Smith v. Moore,* 142 N. C., 277, strongly relied on by appellees, is not at variance with this position. There the plaintiff was not allowed to testify to a personal conversation between herself and the attorney for the decedent, had in his presence; because, as said by *Walker, J.,* in delivering the opinion of the Court: "The result is that where an attorney acts or speaks for his client, or an agent for his principal in their presence, the one is by the law thoroughly identified with his client and the other with his principal, as much so as if the attorney or agent had not been present at all and the client or principal had acted for himself, or the existence of the former had been merged into the latter."

Likewise, we think the other cases cited by the defendant are distinguishable from the one at bar. It would only be a work of supererogation to point out the various differences.

Speaking to the question in *White v. Evans,* 188 N. C., 212, it was said: "We think a fair test in undertaking to ascertain what is a 'personal transaction or communication' with the deceased about which the other party to it cannot testify is to inquire whether, in case the witness testify falsely as to what transpired between them, the deceased, if living, could contradict it of his own knowledge. *Carey v. Carey,* 104 N. C., 171. Death having closed the mouth of one of the parties, it is but meet that the law should not permit the other to speak of those matters which are forbidden by the statute. Men quite often understand and interpret personal transactions and communications differently, at best; and the Legislature, in its wisdom, has declared that an *ex parte* statement of such matters shall not be received in evidence. Such is the law as it is written, and we must obey its mandates."

Furthermore, it would seem that the defendants ought to abide the consequences of the evidence elicited by their cross-examination. But we deem it unnecessary to discuss this view of the case.

There was error in remanding the cause for a new trial.

Reversed.