MABEL GREEN VANNOY v. JOSIE GREEN, WIDOW OF G. C. GREEN, DECEASED, ET AL.

(Filed 28 February, 1934.)

1. **Evidence D b—Husband held competent to testify as to transaction between his wife and his wife's deceased father.**

   The issue involved in this action was whether intestate had made advancements to his daughters during his lifetime. A check made payable to one of the daughters and signed by intestate was introduced in evidence. The daughter's husband was permitted to testify over objection that the check was given his wife as a wedding present. The clerk had found that the personalty was sufficient to cover all alleged advancements. There was no evidence that there were any children of the marriage of intestate's daughter and the witness. *Held,* the husband's testimony was competent, he having no interest in the event of the action. C. S., 1795.

2. **Same—Party to action held competent to testify to transaction between party's sister and deceased father relating solely to sister's interest.**

   The issue involved in this action was whether intestate had made advancements during his lifetime to his daughters. A check made payable

to one of the daughters and signed by intestate was introduced in evidence, and the other daughter was permitted to testify over objection that the check in question was given her sister as a wedding present. *Held*, the evidence was competent, the transaction testified to not being between the witness and the deceased, but between the witness's sister and deceased father. C. S., 1795.

CIVIL ACTION, before *Clement, J.*, at July Term, 1932, of ASHE.

G. C. Green died intestate in Ashe County on 16 April, 1931, owning real and personal property described in the petition. The defendant, Josie Green, is the widow of the deceased and entitled to a dower interest in the property. The defendants, the Austin children, are the children and heirs at law of Ola Green Austin, daughter of the intestate, and the defendant, G. C. Green, Jr., is the son of the intestate by a subsequent marriage. The plaintiff is the daughter of the intestate by the first marriage and instituted a special proceeding praying that dower in said land be allotted to the widow and that the real estate be divided according to the respective interests of the several heirs at law. The widow filed an answer alleging that certain advancements had been made by the intestate to the plaintiff, Mabel Green Vannoy, and her deceased sister, Ola Green Austin, which should be accounted for in the settlement of the estate.

The clerk entered a judgment reciting that the "personal property is sufficient to pay all debts, charges of administration and any alleged advancements which might be recovered by any of said parties against any other of said parties, it is, therefore, considered and adjudged that said issue as to the alleged advancements be and it is hereby certified and transferred to the civil issue docket of the Superior Court for trial according to law."

At the trial two issues were submitted to ascertain what advancements, if any, had been made by G. C. Green, deceased, to his daughter, the plaintiff, Mabel Green Vannoy, and also to his deceased daughter, Ola Green Austin. The jury answered that neither of said parties had received any advancement from the father.

The defendants offered in evidence certain checks found among the papers of the deceased, which had been made payable to the plaintiff, Mabel Green Vannoy, by the deceased, and other checks payable to Ola Green Austin. Among the checks so found there was one in the sum of $500.00 signed by G. C. Green, payable to Mabel Green Vannoy, the plaintiff, dated 1 January, 1926. There was another for $500.00 signed by G. C. Green and payable to Ola Green Austin, dated 30 April, 1919. The checks offered in evidence were drawn in various amounts from the year 1919 to the year 1928 or 1929.

The evidence for Mabel Green Vannoy tended to show that her mother, the first wife of deceased, G. C. Green, died in 1921, and that he married a second time on 22 September, 1926. Mabel Green Vannoy was married in December, 1925, and her sister, Ola Austin, was married on 30 April, 1919. Mabel Green Vannoy offered evidence tending to show that she had been postmistress from April, 1921, to November, 1925, and received a salary of $500.00 per year, and that she taught school prior to her marriage and owned and sold certain cattle. There was also evidence that Ola Green Austin had a chestnut orchard and that her father paid her for certain chestnuts.

W. E. Vannoy, the husband of Mabel Green Vannoy, testified that he was married on 22 December, 1925, and returned from his wedding trip on 1 January, 1926, to the home of his wife's father, the intestate, and that the check for $500.00, dated 1 January, 1926, and signed by G. C. Green and payable to Mabel Green Vannoy, was a wedding present given his wife by her father. The defendant objected to the testimony, asserting that it transgressed C. S., 1795. Mabel Green Vannoy testified that her deceased sister, Ola Green Austin, was married on 30 April, 1919, and that the check for $500.00 signed by her father, G. C. Green, deceased, and dated 30 April, 1919, was a wedding present for her sister. The defendant objected to this testimony for the same reason heretofore mentioned.

From judgment upon the verdict defendant appealed.

*Ira T. Johnston for Mabel G. Vannoy.*

*W. B. Austin for Hazel Austin, Glenn Austin, Mary Austin and Alice Lee Austin.*

*Bowie & Bowie for defendants, Josie Green, widow of G. C. Green, deceased, and G. C. Green, Jr.*

BROGDEN, J. Two questions of law are presented by the record.

1. Does the application of C. S., 1795, render incompetent the testimony of Wade Vannoy that his father-in-law, the deceased G. C. Green, gave a five-hundred-dollar wedding present to his wife, the plaintiff, Mabel Green Vannoy?

2. Does the application of said statute render incompetent the testimony of Mabel Green Vannoy that her father, G. C. Green, deceased, gave her sister, Ola Green Austin, deceased, a check for $500.00 as a wedding present?

Both questions must be answered in the negative. In considering the answer to the first question, it must be noted that Wade Vannoy had no interest in the event of the lawsuit; that is to say, he would get nothing of pecuniary value out of the lawsuit, however terminated. There is no evidence that Wade Vannoy and the plaintiff, Mabel Green

Vannoy, have children, and the testimony of Wade Vannoy tended to show a transaction between the deceased G. C. Green and the wife of the witness. Moreover, the clerk found as a fact that the personal property of decedent was sufficient "to pay all debts, charges of administration and any alleged advancements which might be recovered by any of said parties against any other of said parties." Consequently, the evidence of the husband was competent by virtue of the application of the principles applied in *Hall v. Holloman,* 136 N. C., 34, 48 S. E., 515; and *Helsabeck v. Doub,* 167 N. C., 205, 83 S. E., 241.

The testimony of Mabel Green Vannoy that her father, the deceased, gave $500.00 to her deceased sister, Ola Green Austin, as a wedding present was competent. This conclusion is established by various pronouncements of this Court, notably: *Johnson v. Cameron,* 136 N. C., 243, 48 S. E., 640; *In re Mann,* 192 N. C., 248, 134 S. E., 649; *Barton v. Barton,* 192 N. C., 453, 135 S. E., 296. The applicable principle was stated in the *Johnson case, supra, a*s follows: "But here the witness testified as to no transaction or communication between herself and W. M. Cameron. It was a transaction between W. M. Cameron and her husband, and as to that she is a competent witness notwithstanding her interest. . . . This case does not turn upon the witness being a party or interested in the event—she is both. But the transaction with the deceased here testified to by a party to the action was not *between the witness and the deceased,* and hence by the terms of the statute and by the decisions . . . the witness was properly admitted to testify in regard thereto."

There are certain exceptions to the charge of the trial judge, but an interpretation of the charge as a unit fails to disclose reversible error.

Affirmed.