IN RE WILL OF LOVINA L. PLOTT, DECEASED.

(Filed 7 April, 1937.)

1. **Evidence § 32: Wills § 23c—Held: Testimony related to communication with decedent by interested party and was incompetent.**

    In this caveat proceeding issues as to undue influence and mental capacity were submitted to the jury. A caveator interested in the result was permitted to testify to the effect that testarix had stated to him that propounders had forced her to leave the witness out of her will. The court stated that the evidence would be competent only to show mental capacity and the execution of the will. *Held:* The testimony related solely to the issue of undue influence, and testatrix' statement having been made more than a year after the execution of the will, did not constitute *pars res gestæ,* and the testimony was of a transaction or communication with a decedent prohibited by C. S., 1795, and the jury having answered the issue of undue influence in favor of caveators, its admission constitutes reversible error.

2. **Appeal and Error § 46—**

    Where a new trial is awarded on one exception, other exceptions relating to matters not likely to arise upon a subsequent hearing need not be decided.

APPEAL by propounders from *McElroy, J.,* at August Term, 1936, of CABARRUS. New trial.

---

This was a proceeding to determine the issues raised by the caveat to the will of Lovina L. Plott. The caveat alleged mental incapacity and undue influence on the part of Henry Plott, a son of the testatrix.

The issues submitted to the jury and responses thereto were as follows:

"1. Was the execution of the paper writing purporting to be the last will and testament of Mrs. L. L. Plott procured by the fraud or undue influence of Henry Plott and family, as alleged in the caveat? A. 'Yes.'

"2. Did Mrs. L. L. Plott, at the time of the execution of the said paper writing, to wit, 12 August, 1933, have sufficient mental capacity to execute the same? A. ..............

"3. Is the paper writing propounded, and every part thereof, the last will and testament of Mrs. L. L. Plott? A. 'No.' "

From judgment on the verdict setting aside the purported will, the propounders appealed.

*Hartsell & Hartsell and Crowell & Crowell for appellants.*
*Hiram P. Whitacre and Armfield, Sherrin & Barnhardt for appellees.*

DEVIN, J. The propounders assign as error the ruling of the court below in admitting, over their objection, the following evidence from the witness Zeb Plott, who was one of the caveators and interested in the result: "Q. What, if anything, did she (testatrix) tell you then with respect to making a will? The court: It would only be competent as it may tend to show the execution of the will and her ability to make a will. A. She asked us to move back to the old home place, said, 'Cause Henry and his family had made her will us out and she wanted us to go back to the old home place, she wanted to live with us and see that we got our part.' "

While the presiding judge stated this evidence would only be competent on the question of the capacity of the deceased to make a will, it is apparent that it related solely and directly to the question of undue influence, and was incompetent. The decisions of this Court are to the effect that it is not competent for a witness who is a party, or interested in the result, to testify to declarations of the deceased, whose will is under attack, when the issue is as to undue influence. *Linebarger v. Linebarger,* 143 N. C., 229; *In re Fowler,* 159 N. C., 203; *In re Chisman,* 175 N. C., 420; *Bissett v. Bailey,* 176 N. C., 43; *In re Hinton,* 180 N. C., 211; *Honeycutt v. Burleson,* 198 N. C., 37; *In re Yelverton,* 198 N. C., 749; C. S., 1795.

It further appears that the declaration of the testatrix testified to was not a part of the *res gestæ* but was made a year after the will was executed.

The evidence objected to was material to the issue upon which the case was decided, was prejudicial to the propounders, and its admission constitutes reversible error necessitating a new trial.

This disposition of the case renders unnecessary a consideration of the other questions presented by the appeal, as they may not arise on another trial.

New trial.