THE STATE OF NORTH CAROLINA Ex Rel. LYNN WILDER, JR., Administrator of PEARL MEDLIN RAINES, and LYNN WILDER, JR., Administrator of PEARL MEDLIN, Administratrix of O. R. MEDLIN, v. MINNIE MEDLIN, Administratrix of O. R. MEDLIN; L. T. ROSS, Administrator De Bonis Non of GASTON H. MEDLIN; THE INDEMNITY INSURANCE COMPANY OF NORTH AMERICA and THE NATIONAL SURETY CORPORATION.

(Filed 3 May, 1939.)

1. **Evidence § 32—Testimony of agreement between administrator and distributee in regard to settlement of estate held incompetent in action by distributee's administrator to recover assets.**

This action was instituted by the administrator of a distributee against the administrator *d. b. n.* of the estate in which the distributee was interested, and against the executrix of the prior administrator of that estate and the surety on his bond, alleging the failure of the prior administrator to account for moneys of that estate and the refusal of the administrator *d. b. n.* to institute action. The administrator *d. b. n.* was permitted to testify as to an agreement made between him and the distributee, in the presence of the executrix and others, in which the dis-

tributee agreed to make no objection as to the administration of that estate. *Held:* The testimony related to more than a transaction between the distributee and executrix, since the witness, as administrator *d. b. n.*, was a necessary party to the conference and entire transaction and the agreement directly affected the manner of his handling of the estate, and the testimony was incompetent under the provision of C. S., 1795, and its unrestricted admission in evidence constituted prejudicial error as to plaintiff administrator, since it tended to show that his intestate, as distributee, had agreed to forego the prosecution of the very suit instituted by plaintiff administrator.

2. **Same—Witness may testify in regard to independent facts and circumstances not involving personal transaction or communication between the witness and deceased.**

Testimony of an interested witness as to independent facts and circumstances, within his own knowledge, or as to what he saw or heard take place between deceased and a third party, are not rendered incompetent by C. S., 1795, since in such instances the testimony does not relate to a personal transaction or communication between the witness and deceased, and appellant's exceptions to the admission of such testimony are not sustained.

APPEAL by plaintiff from *Harris, J.,* at November Term, 1938, of WAKE. New trial.

Plaintiff instituted this action as administrator of the estate of Pearl Medlin Raines against the administratrix of the estate of O. R. Medlin, deceased, to recover money for which it was alleged O. R. Medlin had failed to account while he was acting as administrator of the estate of Gaston H. Medlin. L. T. Ross, administrator *de bonis non* of Gaston H. Medlin, was made party defendant, as was also the surety on the administration bond of O. R. Medlin. Pearl Medlin Raines and O. R. Medlin were the children of Gaston H. Medlin and the only distributees of his estate.

The cause was referred to Oscar Leach, Esq., as referee, the defendants preserving right to trial by jury. The referee reported findings of fact and conclusions of law in favor of the plaintiff, and defendants filed exceptions thereto, and demanded jury trial on the following issues:

"At the time of the death of G. H. Medlin was O. R. Medlin indebted to him on account of money paid by G. H. Medlin for O. R. Medlin to the clerk of the Superior Court of Wake County, and, if so, in what amount?"

"Did O. R. Medlin, on or about 12 March, 1933, find and appropriate to his own use any sum of money belonging to the estate of G. H. Medlin, deceased, and, if so, how much?"

When the case was tried in the Superior Court, the jury answered both these issues "No," and from judgment in accord with the verdict, plaintiff appealed.

*J. G. Mills and Paul F. Smith for plaintiff.*

*Gulley & Gulley for defendant Minnie Medlin, Administratrix, Estate of O. R. Medlin.*

*T. Lacy Williams for defendants L. T. Ross, Administrator d. b. n., Estate of G. H. Medlin, and Indemnity Insurance Company of North America.*

DEVIN, J. The only questions presented by this appeal relate to the rulings of the court below in the admission of testimony which it is contended was rendered incompetent by C. S., 1795.

For a proper understanding of the relevancy of the testimony objected to and in order to determine its competency, it is necessary to consider the pertinent facts and circumstances as disclosed by the record. These may be briefly stated in chronological order as follows: Gaston H. Medlin died in March, 1933, intestate, leaving him surviving his two children, O. R. Medlin and Pearl Medlin Raines. In September, 1933, O. R. Medlin qualified as administrator of his father's estate with defendant Indemnity Insurance Company as surety on his bond. Without having rendered any account of his administration, O. R. Medlin died in November, 1934, and defendant Minnie Medlin, his widow, qualified as his administratrix. At the same time defendant L. T. Ross qualified as administrator *de bonis non* of the estate of Gaston H. Medlin. In May, 1935, Pearl Medlin Raines died, and plaintiff Lynn Wilder, Jr., qualified as administrator of her estate. Plaintiff as such administrator made demand upon defendant Ross as administrator *de bonis non* of Gaston H. Medlin that he institute action against the estate of O. R. Medlin, prior administrator of Gaston H. Medlin, and the surety on his bond, for the recovery of money alleged to be due by O. R. Medlin to his father's estate. Defendant Ross declined so to do, and thereupon the plaintiff instituted this action, alleging that O. R. Medlin was indebted to the estate of Gaston H. Medlin in the sum of $2,533.53 for money paid for him by Gaston H. Medlin to the clerk of the Superior Court of Wake County, and that O. R. Medlin was also indebted to said estate in the further sum of $9,000, money found by him in the home of Gaston H. Medlin after his death, and appropriated to his own use. Plaintiff alleged his intestate was entitled as distributee of Gaston H. Medlin's estate to one-half of these amounts.

Evidence was offered in support of plaintiff's allegations. It appeared that in 1932, about a year before his death, Gaston H. Medlin had withdrawn $11,500 from a bank in Oxford, and that this was at a time when there were many bank failures in this and other sections of the country. Plaintiff offered evidence tending to show that shortly after Gaston H. Medlin's death, O. R. Medlin found and appropriated

$9,000 in currency belonging to his deceased father's estate, upon which estate he subsequently qualified as administrator. Defendant's evidence tended to explain the matter of the $2,533.53, and to impeach the testimony of plaintiff's witnesses as to the finding of $9,000 in the Medlin home.

During the trial, over the objection of plaintiff as administrator of Pearl Medlin Raines, the following testimony of defendant L. T. Ross was permitted to go to the jury:

"I had a conference with Pearl Raines and Mrs. Minnie Medlin in your office (office of T. Lacy Williams, attorney for defendant Ross). The four of us were present, myself, Mrs. Medlin, Mrs. Raines and Mr. Williams. The conference took place after the investigation I had made with respect to the assets of the estate of G. H. Medlin. An agreement was reached at that time between Mrs. Medlin and Mrs. Raines with respect to the estate. After going over the thing and seeing just how it was they agreed that they were each willing to go fifty-fifty in what was on hand and not bring no other objection in no way toward each other in the settling of it."

In apt time plaintiff requested the court to instruct the jury that this evidence could only be considered by them as tending to explain why Ross declined to bring the action and in no other aspect, and that the jury should not consider it in connection with the issues submitted. The court refused to give this instruction and the jury was permitted to consider this evidence as competent for all purposes.

Examining this evidence in its relation to the determinative issues in the suit, we think it was both incompetent under C. S., 1795, and prejudicial to the plaintiff. The testimony was given by a party to the action, who was testifying in his own behalf, and in behalf of another party to the action, against the administrator of the deceased, Pearl Medlin Raines. It involved a personal transaction and communication between the witness and the deceased.

The defendant Ross testified, in effect, that, following an investigation which he had made as to the G. H. Medlin estate, of which he was administrator and in which the deceased was interested as distributee, he had a conference with her in the presence of the defendant, Mrs. Minnie Medlin, in the office of witness' attorney, and that after going over the matter an agreement was entered into by the deceased with respect to the settlement of the estate which the witness had in charge. This was something more than the mere relation of a transaction between other parties. The witness was a party to the conference and to the entire transaction, as was also the deceased. It materially concerned his administration of the estate, and the agreement which he says Mrs. Raines entered into there constituted the basis upon which he acted in

18—215

dealing with the estate and its distributees. The conference was doubt-less arranged by the witness, as it was held at his attorney's office, and was designed for the consideration of matters to which both he and the deceased were necessary parties.

The restriction upon the introduction of testimony in the trial of an action contained in C. S., 1795, refers by its express terms to a person who is a party to the action (*Benedict v. Jones,* 129 N. C., 475, 40 S. E., 223; *Grier v. Cagle,* 87 N. C., 377), or interested in the event, and pro-hibits his examination as a witness in his own behalf, against the admin-istrator of a deceased person, concerning a personal transaction or com-munication between him and the deceased. *Bunn v. Todd,* 107 N. C., 266, 11 S. E., 1043; *Bank v. Wysong,* 177 N. C., 284, 98 S. E., 769. This statute has been often considered by this Court and its provisions analyzed for the purpose of determining its applicability to varying situations and circumstances. Among the many cases on the subject there are decisions to the effect that, notwithstanding the witness is a party or interested, if he merely testifies to independent facts and cir-cumstances, within his own observation and knowledge, or to what he saw or heard take place between the deceased and a third party, his testimony would not be rendered incompetent under the statute. *Burton v. Styers,* 210 N. C., 230, 186 S. E., 248; *Vannoy v. Green,* 206 N. C., 80, 173 S. E., 275; *Barton v. Barton,* 192 N. C., 453, 135 S. E., 296; *In re Mann,* 192 N. C., 248, 134 S. E., 649; *Abernathy v. Skidmore,* 190 N. C., 66, 128 S. E., 475; *In re Harrison,* 183 N. C., 457, 111 S. E., 867; *Zollicoffer v. Zollicoffer,* 168 N. C., 326, 84 S. E., 349; *Lehew v. Hewett,* 138 N. C., 6, 50 S. E., 459; *Johnson v. Cameron,* 136 N. C., 243, 48 S. E., 640; *Johnson v. Townsend,* 117 N. C., 338, 23 S. E., 271; *Watts v. Warren,* 108 N. C., 514, 13 S. E., 232; *McCall v. Wilson,* 101 N. C., 598, 8 S. E., 225; *March v. Verble,* 79 N. C., 19; *Gray v. Cooper,* 65 N. C., 183.

This construction of the statute, however, has not been extended to include those cases where the facts, in connection with which the testi-mony is offered, indicate a personal transaction or communication be-tween the interested witness and the deceased. There the prohibition of the statute has been applied according to the terms in which it is expressed. *In re Plott,* 211 N. C., 451, 190 S. E., 717; *Boyd v. Wil-liams,* 207 N. C., 30, 175 S. E., 832; *Price v. Pyatt,* 203 N. C., 799, 167 S. E., 69; *White v. Evans,* 188 N. C., 212, 124 S. E., 194; *Brown v. Adams,* 174 N. C., 490, 93 S. E., 989; *Witty v. Barham,* 147 N. C., 479, 61 S. E., 372; *Davidson v. Bardin,* 139 N. C., 1, 51 S. E., 779; *Fertilizer Co. v. Rippy,* 123 N. C., 656, 31 S. E., 879; *Wilson v. Feath-erston,* 122 N. C., 747, 30 S. E., 325; *Bright v. Marcom,* 121 N. C., 86, 28 S. E., 60; *Blake v. Blake,* 120 N. C., 177, 26 S. E., 816; *Lane v.*

*Rogers,* 113 N. C., 171, 18 S. E., 117; *Carey v. Carey,* 104 N. C., 171, 10 S. E., 156; *Ballard v. Ballard,* 75 N. C., 190; *Peoples v. Maxwell,* 64 N. C., 313.

An analysis of these and other cases on the subject, in the light of the facts upon which the decisions were made to turn, makes clear the substantial uniformity of the authorities to the effect that if the testimony offered may fairly be construed to refer to and rest upon a communication by the deceased to the interested witness, or to relate to a transaction by the deceased to which the interested witness was a party, though others be present and therein concerned, it comes within the exclusion prescribed by the statute.

The evidence objected to here was rendered incompetent by the statute and the trial court should have restricted its consideration by the jury as prayed by plaintiff. The evidence was material and its admission for all purposes was harmful to the plaintiff, as it tended to show an agreement on the part of plaintiff's intestate to forego the prosecution of the cause of action now in suit.

There were other exceptions noted by the plaintiff to certain testimony of defendant Minnie Medlin and brought forward in his assignments of error, but upon examination we find these without substantial merit. The evidence of this witness to which objections were entered may be regarded as consisting of statements of independent facts and circumstances, and not as necessarily involving personal transactions or communications between the witness and the deceased.

The findings of fact reported by the referee, to which no exception was filed, were approved by the trial judge, and are set out in his judgment.

For the reasons hereinbefore stated there must be a new trial of the issues presented by the defendants' exceptions to the referee's report, and it is so ordered.

New trial.